■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE L. LEWIS, Appellant.— Judgment of conviction unanimously reversed on the law and facts and a new trial granted. Memorandum: The defendants were convicted of the crime of assault, second degree, upon the ground that they had assaulted a police officer with the intent to prevent and to resist their lawful apprehension. The underlying offense for which the arrest was alleged to have been undertaken was that of disorderly conduct. The court charged that the officer's right to make the arrest depended upon a finding that the defendants had committed a "breach of the peace". By this, the trial court apparently meant the offense of disorderly conduct as defined in subdivision 2 of section 722 of the Penal Law. The court should have given the jury the statutory definition of the offense and explained its nature, instead of using the term "breach of the peace" without defining it or explaining its connection with the statutory offense (*People* v. *Dority,* 282 App. Div. 995; *People* v. *Vest,* 11 A D 2d 1080). The charge was also deficient in failing to marshal the facts and in failing to outline the contentions of the parties (*People* v. *Tunstall,* 5 A D 2d 338, 346). No exception was taken to the court's charge, but despite that omission we may take cognizance of the deficiencies in the charge, in the interests of justice, under section 527 of the Code of Criminal Procedure. In any event, apart from the deficiencies in the charge, the finding implicit in the jury's verdict that the defendants were guilty of disorderly conduct was against the weight of the evidence. The evidence did not establish beyond a reasonable doubt that the conduct of the defendants was "such that a breach of the peace [had] become imminent or might reasonably be expected or intended to flow from such conduct" (*People* v. *Monnier,* 280 N. Y. 77, 79; see, also, *People* v. *Carcel,* 3 N Y 2d 327; *People* v. *Perry,* 265 N. Y. 362; *People* v. *Vest,* 11 A D 2d, 1080, *supra*). The District Attorney seeks to sustain

the conviction upon the ground that the defendants were guilty of the use of excessive force in resisting the arrest, even if it was an unlawful one. But that theory was not submitted to the jury and, of course, it cannot be injected into the case upon appeal. Furthermore, since the indictment did not charge that the defendants had inflicted grievous bodily harm, or had used a weapon likely to cause such harm, the charge of the use of excessive force in self-defense could, at most, have resulted in a conviction for assault in the third degree (cf. *People* v. *Daniels*, 285 App. Div. 619; *People* v. *Massey*, 7 A D 2d 850). (Appeal from judgment of Erie County Court convicting defendant of the crime of assault, second degree.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.