THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANDREW J. CHRISTIE, Appellant.

Fourth Department, July 2, 1962.

*Grace Marie Ange* for appellant.

*John J. Conway, Jr., District Attorney (Nicholas P. Varilan* of counsel), for respondent.

*Per Curiam.* Defendant appeals from his conviction of the crime of incest. The indictment charged that the incestuous act was committed with his 15-year-old daughter who was pregnant at the time of appellant's arrest. Uncontradicted testimony by school authorities indicated that the daughter's mental age was that of a child of not more than 9 years and that her I. Q. was 61.

The quality of the evidence offered by the prosecution, including the testimony of this unfortunate confused child, fell short

of that necessary to prove the charge beyond a reasonable doubt (*People* v. *Porcaro,* 6 N Y 2d 248, 252). The insufficiency of the evidence of guilt requires that the jury verdict of guilty be reversed (*People* v. *Meyers,* 309 N. Y. 837; *People* v. *Dutton,* 305 N. Y. 632; *People* v. *Rosen,* 293 N. Y. 683). The evidence was neither clear nor convincing in many respects and in and of itself, without the errors hereinafter referred to, was insufficient to sustain the jury's verdict (*People* v. *Oyola,* 6 N Y 2d 259; *People* v. *Ledwon,* 153 N. Y. 10).

The prosecution in its opening to the jury and particularly in summation exceeded the latitude which should be permitted counsel under the circumstances here presented. References to wholly immaterial and irrelevant matters, such as the prosecutor's long experience in rape cases, speculation as to the defendant's compulsion to have sex experiences with his daughter and similar matters went beyond the bounds of reasonable prosecution. The use made by the Assistant District Attorney in exhibiting a contraceptive to the jury and waving it about should not have been permitted. The evidence relating to the ownership of the contraceptive and the gratuitous statements made in connection with it were improper. Certainly the charge that the defendant was the cause of his daughter's pregnancy could not be supported by vague proof that the defendant allegedly owned the contraceptive. There was not only comment on matters outside the evidence and repeated assertions as to what the Assistant District Attorney thought of the credibility of the witnesses but he also attempted to bolster the inferences he wanted the jury to draw by referring to his own considerable past experience. This type of comment is wholly outside the scope of proper summation. A prosecuting attorney should exercise reasonable restraint and should not go beyond the evidence or the bounds of reasonable moderation. He ceases to serve the public interest when the single motive is to secure a conviction by going outside the record with extraneous matters (*People* v. *Steinhardt,* 9 N Y 2d 267, 269–270; *People* v. *Fielding,* 158 N. Y. 542). The Assistant District Attorney cannot make himself an unsworn witness and support his case by his own veracity and position (*People* v. *Lovello,* 1 N Y 2d 436, 439).

Not only did the trial court fail to marshal the evidence but committed error in charging the jury as to the degree of proof necessary for conviction. The court remarked in its charge that in considering the evidence as a whole the jury was entitled to consider '' what is liable to have happened here, what is logical '', instead of what the evidence actually demonstrated. The court neglected to summarize the testimony of even the more impor-

tant witnesses. The law was explained but no résumé of the evidence was given so as to relate the evidence to the law. The requirement in this respect has been emphasized by our court (*People* v. *Tunstall,* 5 A D 2d 338; *People* v. *Kenda,* 3 A D 2d 80, 87).

The principal witness against the defendant was his daughter who was classified as a high-grade moron. The conviction rested almost entirely on the testimony of this retarded child. Although corroboration of the complaining witness in an incest case is not necessary (*People* v. *Gibson,* 301 N Y 244), proof must be so clear and convincing as to leave no reasonable doubt (*People* v. *Oyola, supra; People* v. *Porcaro, supra*). No medical proof was offered to support the child's narrative and her testimony lacked spontaneity and conviction. The witness' obvious immaturity and low intelligence, as well as the school records of her bad reputation for truth and veracity, deprive her testimony of any strong probative force.

The record read as a whole leaves serious doubt as to guilt and is insufficient to support the conviction.

The judgment of conviction should be reversed and a new trial granted.

WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ., concur.

Judgment of conviction unanimously reversed on the law and facts and a new trial granted.