■ The People of the State of New York, Respondent, v. Reuben W. Black, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered January 17, 1961 after a jury trial (as amd. by order dated April 4, 1961), convicting him of the following crimes and imposing sentence upon him therefor as a second felony offender, as follows: (a) kidnapping, 20 years to life; (b) first degree robbery, 15 to 60 years; (c) second degree burglary, 7½ to 30 years; (d) felonious possession of a gun, 3½ to 7 years; (e) on each of the two counts of first degree grand larceny, 5 to 20 years; (f) on each of two counts of first degree assault, 5 to 20 years; and (g) on each of two counts of second degree assault, 2½ to 10 years. All the terms, except those imposed for kidnapping and robbery, were directed to

be served concurrently; the terms imposed for said two crimes were directed to be served consecutively. Judgment, as amended by order of April 4, 1961, affirmed. Defendant contends: (1) that he was deprived of a fair trial on the ground that the court's charge to the jury reviewed only the testimony adduced on direct examination but not the evidence given on cross-examination; (2) that the court erred in refusing a request to charge that the testimony of an accomplice must be corroborated; (3) that the court erred in failing to distinguish in its charge between a signed and unsigned statement attributed to defendant; (4) that consecutive sentences for kidnapping and robbery were illegal; and (5) that the consecutive sentences were unduly harsh and severe. On the proof in this record, the jury was justified in finding that defendant had entered as a burglar the home of his victims (a husband and wife) and had shot the husband in the head twice as he lay sleeping; that when the pregnant wife appeared from another part of the house to investigate, defendant at point-blank range shot at her but missed; and that defendant then tore out all the telephone wires and bound the wounded man, rifled the rooms for valuables and fled in his victims' car, forcing the wife to accompany him and leaving the wounded man and an infant in a crib despite the wife's pleas that she be permitted to care for them or to make a call to a doctor to try to save her husband's life. Defendant was apprehended in Connecticut several hours later after he had crashed the stolen car during a chase in which, with his hostage beside him, he drove at speeds up to 100 miles an hour. Despite overwhelming evidence against him, including his own statements to the police, the defendant at the trial contended that he had not shot anyone but that the wife (whose paramour he claimed to have become as the result of a visit he had made to the house a few days earlier while seeking a job as a handyman), had persuaded him to help her escape after *she* had shot her husband. We find that the court's marshaling of the evidence was fair and reasonable under the circumstances, especially since the court called to the jury's attention the necessity of weighing the testimony in the light of the cross-examination which was not covered in the court's review because of the number of witnesses involved. The request to charge concerning the law governing the testimony of accomplices (which the court refused) was to the effect that if the jury found the wife to be an accomplice, they could not convict the defendant unless her testimony was supported by " some other independent proof of the commission of the crime." This request was not a proper statement of the law. Section 399 of the Code of Criminal Procedure provides only that an accomplice's testimony must be corroborated by " such other evidence as tends to connect the defendant with the commission of the crime." Not only was the request to charge incorrectly phrased, but any such charge would have been unnecessary in the light of the defendant's own testimony that he was in the house at the time of the shooting and that he had immediately helped to make it look like a robbery and like an escape from the scene. That defendant was " connected" with the crimes was hardly at issue. As to the unsigned statement, no request was made to charge that the accused must have acknowledged the truth of its contents when it was read to him; and the record reveals that the person who took the statement testified twice that defendant did in fact acknowledge its correctness when it was read to him. In all events, the case was complete without this statement; and no error affecting the substantial rights of the defendant was committed (see *People* v. *Whalen*, 249 App. Div. 890). Defendant's further contention that he was guilty of a single and inseparable act only, which happened to violate two statutes and that, therefore, he cannot be sentenced to more than one punishment, is untenable. The case of *People ex rel. Maurer* v. *Jackson*

(2 N Y 2d 259), on which defendant relies, indicates that separate sentences for robbery and assault are proper where a robbery victim is struck by the defendant *after* he has surrendered his money. Here the kidnapping occurred after the robbery. These crimes had no connection with each other except insofar as defendant might have believed that a hostage would give him some insurance against close pursuit. As to defendant's contention that his punishment was too severe, it is quite clear to us that defendant tried needlessly to kill two helpless people (to say nothing of the infant in the crib), and that the commission of two felony murders was avoided only by reason of his own ineptness and loss of nerve in the self-created crisis. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.