■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VONDA J. WILLIAMSON, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered May 13, 1975, upon a verdict convicting defendant of the crime of assault in the second degree. On June 25, 1974 at approximately 9:00 P.M., the defendant and a friend, Karen Hicks, went to the residence of Yvette Cowan, the complaining witness, at 282 First Street in Albany. At that time, the defendant's common-law husband Anthony Johnson was in the apartment. After some discussion amongst the defendant, Mr. Johnson, and Ms. Cowan concerning the fact that Johnson had been seeing Cowan, a fight developed between the defendant and Ms. Cowan, following which the latter required between 200 and 250 stitches in her face. Ms. Hicks testified that when the fight was broken up by Mr. Johnson, the defendant had a straight-edge razor in her hand. Our examination of the several issues raised by defendant on this appeal reveals no reason to disturb this verdict. Defendant contends that the trial court committed reversible error in failing to give limiting instructions to the jury with regard to the use of a prior inconsistent statement used by the prosecution to impeach Mr. Johnson, who was called as a witness for the defendant. Defendant claims that the trial court, which omitted any reference to the prior statement in the charge to the jury, was required to charge that the questioning based upon the prior statement could be considered solely for the purpose of impeaching the testimony of the witness and not as affirmative evidence of guilt. It is well settled that such a charge is required when a witness in a criminal proceeding gives testimony upon a material issue in

the case tending to disprove the party's position upon examination "by the party who called him" (CPL 60.35; *People v Freeman,* 9 NY2d 600; *People v Carroll,* 37 AD2d 1015). In our view, however, the failure of the trial court in the instant case to make any reference to a prior statement used by the prosecution to impeach the *defendant's* witness did not, in the context of the entire charge, the overwhelming evidence of defendant's guilt, and the absence of a request for such an instruction, constitute reversible error. These factors, and an examination of the entire summation, lead us to conclude that defendant's further argument that the prosecutor improperly referred to the said prior statement in summation is also without merit. Defendant also objects to the failure of the trial court to recapitulate the testimony of the witnesses. We note that the six witnesses all testified on the same day in which the verdict was reached and that the entire direct and cross-examination consumed less than two and one half hours. The issues involved were not complex. Before identifying the witnesses by name, on whose behalf they testified and by a very brief description of their relationship to the case, the trial court advised the jury that if there was any dispute about the testimony of a particular witness "you may call for that witness's entire testimony or any part thereof, that it be read to you". Under these limited circumstances we find no reversible error in the failure of the trial court to more fully marshall the evidence in this case. Finally, the defendant argues that the sentence was excessive. Defendant received an indeterminate term of imprisonment with a maximum of four and one half years upon her conviction of this Class D felony. Although this penalty was in excess of the recommendation of the presentence report, it was less than the authorized maximum sentence (Penal Law, § 70.00, subd 2, par [d]). We find no reason on this record, which reveals a vicious attack upon the complaining witness, to disturb the trial court's exercise of discretion with respect to the sentence imposed *(People v Gemmill,* 34 AD2d 177; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.