■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE MABRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 3, 1975, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Following summations, the trial court charged the jury, omitting to review the evidence or the testimony, "for fear that the jury may get the impression that maybe the Judge has an opinion about the case, from the manner in which he spoke about it." We find such a reason inexplicable and unwarranted. While a Trial Judge in a criminal case is no longer bound to marshal the evidence, a bare bones charge on the law, without in any way relating it to the facts, cannot be sanctioned or approved, regardless of the strength of the proof adduced against the defendant. For that reason alone the judgment must be reversed. There are however other cogent reasons for a reversal. After the jury had twice asked for further enlightenment and announced that it had reached an impasse, the trial court, as was its prerogative, directed the jury to deliberate further. The court, however, made certain prejudicial statements which cannot pass unnoticed. It told the jury "I'm at a total loss to understand the reason for the impasse. It's a relatively simple case". Further on it said, "and I don't know how in heaven's name twelve intelligent people are unable to agree on a simple state of facts." Again, in an effort to convince the jurors to reach a verdict, the Trial Judge said: "You've got to put your heads together, because I'm very frank to tell you that I'm going to return you to your jury room, and when supper time comes, you are going out to eat, and if need be, just leave the telephone number so we can contact your home and tell your folks at home that you will be late tonight." It is not surprising, in view of the unwarranted pressure applied to them, that the jurors, within 22 minutes thereafter, came in with a verdict. In *People v Faber* (199 NY 256, 259) the court said, "In arriving at a verdict the judge presiding at the court must not attempt to coerce or compel the jury to agree upon a particular verdict, or any

verdict." The same situation is present here. In *People v Carter* (40 NY2d 933), in an analogous situation, the Court of Appeals reversed and ordered a new trial because of the trial court's threat to the jury that it would be required to continue deliberations indefinitely and without any outside communications. Though no objections were voiced by defendant's counsel to any of the above, fair play nevertheless requires that we order a new trial. Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.