█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent. v HOMER MANOR, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered May 24, 1976, upon a verdict convicting defendant of six counts of the crime of criminal possession of stolen property in the second degree. On September 26, 1976, the defendant, a licensed junkyard operator, was indicted on six counts of criminal possession of stolen property in the second degree, a class E felony, for knowingly possessing certain stolen copper wire on August 14, 15, 16, 18, 26 and 27, 1975. At the trial, prosecution witnesses testified that copper wire which had been stolen from the Delaware & Hudson Railroad was sold to the defendant's junkyard on the six days stated in the indictment. According to witness Lawrence Gotto, the wire was sold directly to the defendant on the first four occasions, while on the last two dates it was received by his teenaged sons. Gotto testified that the defendant made no inquiry on the first occasion as to the source of the wire and on the second occasion, when advised that the wire "was hot", said "I kind of figured that from the first load you brought up * * * I'll take all you can get". Defendant's basic contention on this appeal is that the record "is so saturated with error on the part of the district attorney, the court and defendant's trial counsel" that the defendant was deprived of a fair trial. This contention is without merit. We find no substance to the defendant's claim that the court erred in charging the jury as to the term "beyond a reasonable doubt" when the portion of the definition to which objection is made is "read in conjunction with the entire definition of which it forms a part" (People v Jones, 27 NY2d 222, 226). Although the prosecutor's reference in summation to hypothetical and unproven purchases of stolen property by defendant was clearly improper, there was no objection to this statement and, in any event, the error was not reversible (People v Crimmins, 36 NY2d 230). We have considered defendant's remaining arguments and find them to be of insufficient merit to warrant comment. Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Larkin and Mikoll, JJ., concur.