■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO RIVERA, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered October 10, 1975, convicting him of murder, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. CPL 300.10 (subd 2) provides, *inter alia,* that in charging the jury the court must "state the material legal principles applicable to the particular case, and, so far as practicable, explain the application of the law to the facts, but it need not marshall or refer to the evidence to any greater extent than is necessary for such explanation." While this substantially modifies the common-law requirement that the court fully marshal the evidence, the requirement has not been entirely eliminated and the "court must still marshal the evidence to the extent necessary to 'explain the application of the law to the facts'

---

* Although, it is noted, that here there is an eight-year disparity in the age.

(CPL 300.10, subd 2)" (see *People v Clayborn,* 50 AD2d 952, 953). This case involved an 11-week trial in which many witnesses gave lengthy and often times contradictory evidence. The questions concerning defendant's alleged mental illness (see Penal Law, § 30.05) and which bullet inflicted the mortal wound, were especially complex. Extensive expert testimony was given on these and other issues. In its charge to the jury, the court did not refer to any of the evidence adduced at the trial. Although defendant raised no objection on this ground, the failure to explain the relationship of the applicable principles of law to the factual issues in this complex case requires a new trial in the interest of justice (see *People v Mabry,* 58 AD2d 897; *People v Clayborn,* 50 AD2d 952, *supra).* Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.