OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We have examined the several contentions advanced by defense counsel and conclude that there should be an affirmance. We comment briefly with respect to some of such contentions.
On the basis of careful postmortem dissection it can be said that in charging the jury the trial court’s marshaling of the evidence fell short of the ideal. The court has an obligation to marshal or refer to the evidence, however, only to the extent necessary to explain the application of the law to the facts (CPL 300.10, subd 2). The critical issue on appellate review is whether the deficiency, if any, was such as to deny either defendant a fair trial. We are satisfied that the material issues, both factual and legal, were made abundantly clear to the jury in consequence, inter alia, of the informed efforts of competent defense counsel, and that there was no such inadequacy of explanation or other error of commission or omission as to result in prejudice to either defendant.
Several of the trial court’s evidentiary rulings which are challenged by defendant fell within the recognized authority of the Trial Judge involving questions as to the admissibility of evidence offered with respect to collateral matters. We include in this category the exclusion of evidence sought to be introduced to impeach the credibility of Deputy Sheriff Singer —the record of the proceeding before the State of New York Employees’ Retirement System in which Singer’s application for accidental disability retirement based on injuries suffered during the escape attempt was denied, and evidence with respect to. his receipt from the Police Officers’ Association of an award in which there was a recital of events at some odds with his testimony. Similarly, evidence of Bowerman’s record of past armed escapes and of his psychiatric disorders would have gone only to the collateral issue of his role in the escape *759 attempt.* Nor do we find any error in the trial court’s rulings as to the scope of the People’s cross-examination of either defendant as to prior convictions (including the facts underlying such convictions) and acts of misconduct. Neither was it error to admit the photograph of the deceased Deputy Sheriff. We find no abuse of discretion as a matter of law. in any of these evidentiary rulings. It is, of course, not determinative or even persuasive that apparently contrary rulings have been upheld in other cases in what may seem to be similar situations.
Within the ambit of the trial court’s responsibility was the preliminary factual determination that McGivern’s statement of asserted innocence was not spontaneous so as to qualify it for admission under the exception to the hearsay rule. There was no error in the resolution of that question when the statement was not made until McGivern’s arrest some two and one-half hours after the commission of the crime.
Finally, we find no error in the denial of defendants’ pretrial motions to be permitted to appear as their own cocounsel or in the denial of the posttrial motion to set aside the verdicts because of the failure of the People to produce the photograph of Bowerman after his death.
In sum, we agree with the majority at the Appellate Divi *760 sion that there was no error which calls for a reversal of the conviction of either defendant.

 The evidence offered consisted of 80 pages of the undifferentiated, unredacted files of the Corrections Department with respect to Bowerman covering a period of some 18 years. The dissenter now urges that this evidence, offered en masse, should have been admitted on the theory that a few selected portions might have tended to establish a propensity on Bowerman’s part to make escape attempts alone and unassisted. Such proof would have been irrelevant unless it were additionally shown that the prior escape attempts had been made in comparable circumstances, including the presence but nonparticipation of other potential escapees. There was, however, no tender of any such additional showing. No claim was made that the prior escape attempts were made in comparable circumstances, and examination of the file discloses great dissimilarity of circumstance. In fact the files were collectively offered for a much broader purpose: "to show what kind of individual [Bowerman] is”, in support of the defense theory that the defendants were "the victims of the maneuvering, manipulations” of Bowerman. This mass of miscellaneous records, not directly related to the events comprising the charges against these defendants, would only have produced confusion, invited speculation and inevitably have led the jury into excursions into collateral matters. The trial court excluded this remote and potentially confusing evidence on the ground that it was not "competent or relevant”. The authorities cited by the dissenter involve situations in which proof that a third party had been the criminal actor would have established the innocence of the defendant. By contrast here, proof that Bowerman might have been disposed to instigate this escape attempt would not have exonerated these defendants for their participation in it.