■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYLIE HARRIS, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered July 28, 1977, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to the time already served. As so modified, judgment affirmed. On November 26, 1976 defendant concededly shot and killed Mitchell Best. The defense to the charges arising from that act was that the defendant acted unintentionally and, in any event, with legal justification since he was interrupting a burglary. On appeal defendant contends that he is entitled to a new trial on the ground that the Trial Judge failed to marshal the evidence (see CPL 300.10, subd 2). While we agree that the evidence was not adequately marshalled, we fail to find that the error requires reversal. Although many witnesses testified, the case was, essentially, a simple one (cf. *People v Rivera,* 60 AD2d 852). Moreover, defendant failed to raise the issue at the trial. We also note that the charge, taken in its entirety, is unquestionably fair to the defendant. Accordingly, a new trial is not warranted. As to the sentence, in view of the 20 months defendant has already served and the extenuating circumstances present here, we reduce it to the time already served. Mollen, P. J., Suozzi, O'Connor and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE HOLCOMB, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered June 21, 1977, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Gulotta, Margett and Mangano, JJ., concur.

O'Connor, J. P., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: In this prosecution revolving, in large part, upon a closely contested identification issue, the prosecutor persisted in questioning two of defendant's alibi witnesses about their failure to inform the police or District Attorney's office of their stories prior to the trial. In the absence of overwhelming evidence of guilt, and in light of the failure to promptly charge the jury that an alibi witness has no obligation to come forward and contact the police or District Attorney's office *(People v Clark,* 64 AD2d 669; *People v Owens,* 58 AD2d 898), I vote, upon constraint of *People v Hamlin* (58 AD2d 631), to reverse the judgment and order a new trial.