■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUST MINORI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 3, 1978, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. This appeal also brings up for review the denial, after a hearing, of the defendant's motion to suppress certain evidence. Judgment affirmed. We note that in his brief the defendant specifically states that the "Miranda issue is not being raised on appeal", and that he seeks "the suppression of his statements on the ground that they were the immediate causal outgrowth of the illegal search". We find that the search was not illegal. Rabin, J. P., Gulotta, Shapiro and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RIVERA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 17, 1978, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant testified on direct examination, through an official interpreter, that he owned a gun at the time of the occurrence but that he did not have the weapon in his car and did not fire it on the night of the alleged shooting. On cross-examination he denied ownership of a gun. There was no redirect examination. Defendant's contention that his "admission" of ownership of a gun was an error in translation finds no support in the record. Further, on this record, the defendant was not denied a fair trial by the court's failure to give the requested charge as to identification, or to marshal the evidence relating thereto (see People v Culhane, 45 NY2d 757, 758). While the prosecutor's remarks on summation were improper, no objection was taken and the impropriety did not violate defendant's right to a fair trial. Damiani, J. P., O'Connor, Lazer and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROSA, Also Known as JOSE ROSS and JOSE DIAZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 3, 1978, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Notwithstanding the fact that the arresting officer's testimony before the Grand Jury and at trial differed as to the chronology of observing a weapon in the immediate vicinity of the defendant and the search of his person, the trial testimony may not be said, as a matter of law, to have been "tailored" to preclude constitutional objections to the search, as the defendant contends. Furthermore, the credible evidence adduced indicates there existed a sufficient factual basis to conclude that the officer entertained a reasonable belief that defendant was involved in the commission of a crime, or was about to commit a crime, and thus he was justified in searching the defendant regardless of whether another weapon was located before the search. Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.