■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CARNEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 7, 1977, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The principal issue in the trial of this case was the identity of the man who robbed the night manager of a MacDonald's restaurant at gunpoint while she was making a night bank deposit. Defendant was arrested more than three months after the perpetration of the crime when he patronized the restaurant whose receipts had been taken. The manager identified him as the thief and the police were called. Despite the fact that the evidence presented a substantial question of fact as to identity, the court gave a "bare bones" charge on the law, without in any way relating it to the facts. As we said in *People v Mabry* (58 AD2d 897), such a charge "cannot be sanctioned or approved, regardless of the strength of the proof adduced against the defendant". The failure of the trial court to explain the relationship of the applicable principles of law to the factual

issues in this case requires a reversal (see *People v Rivera,* 60 AD2d 852). We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Damiani and Mangano, JJ., concur.

Martuscello, J., dissents and votes to affirm the judgment of conviction, with the following memorandum: I disagree with the argument advanced by the majority based on this court's decision in *People v Mabry* (58 AD2d 897). The trial court's charge in this uncomplicated criminal trial complied with the requirements of CPL 300.10 (subd 2) as interpreted by the Court of Appeals in *People v Culhane* (45 NY2d 757, cert den 439 US 1047). CPL 300.10 (subd 2) reads, in pertinent part: "In its charge, the court must state the fundamental legal principles applicable * * * and, so far as practicable, *explain* the application of the law to the facts, but it *need not marshal or refer to the evidence* to any greater extent than is *necessary for such explanation"* (emphasis added). According to the staff comment to proposed CPL 155.10 (subd 2) (enacted as CPL 300.10, subd 2, by L 1970, ch 996, § 1, eff Sept. 1, 1971) (p 222) "most trial judges, in order to be on the safe side, invariably do present a thorough summary of the evidence and sometimes in exhaustive and unnecessary detail. Upon the theory that this time consuming practice frequently serves no useful purpose, the proposed section offers the more flexible rule that the court must, so far as practicable, explain the application of the law to the facts, but it need not marshall or refer to the evidence to any greater extent than is necessary for explanation." The Court of Appeals interpreted the mandate of this subdivision as imposing upon the trial court "an obligation to marshal or refer to the evidence * * * only to the extent necessary to explain the application of the law to the facts * * * The critical issue on appellate review is whether the deficiency, if any, was such as to deny * * * defendant a fair trial" *(People v Culhane,* 45 NY2d 757, 758, cert den 439 US 1047, *supra).* An appellate court, in reviewing a charge, must determine whether the trial court's explanation of how to apply the law to the facts was adequate in all aspects, including whether the explanation was adequate in the particular aspect of referring to evidence or, in some trials, marshaling the evidence (i.e., recapitulating it in a fashion demonstrating logical relationships to the parties' arguments and principles of law). The cases have expressed these requirements in various words over the years, though the single lesson to emerge is that the charge must sufficiently marshal both the *evidence* at the trial and the *arguments* of the parties to the extent that, at a minimum, the jury can clearly understand to what arguments the evidence is *material* and to what extent (by rule of law or common experience) the evidence is *relevant and credible.* In short, the charge instructs the jury how to frame the issues and find the facts given a quantity of conflicting evidence and arguments and a few conclusory legal rules. Since marshaling of the evidence is but *one* aspect of the explanation of how to relate the law to the facts, it is *not* always necessary to an adequate explanation, particularly in simple cases *(People v Harris,* 69 AD2d 843; *People v Williamson,* 51 AD2d 843), or in cases involving a large number of witnesses *(People v Black,* 18 AD2d 719, cert den 375 US 898), or as to issues of corroborative evidence *(People v Goldfeld,* 60 AD2d 1; *People v Horton,* 19 AD2d 80, affd 18 NY2d 355, cert den 387 US 934). But failing to marshal the evidence and the arguments may cause the charge to be defective, as in cases involving circumstantial evidence *(People v Tunstall,* 5 AD2d 338), and can require reversal in the interest of justice despite a failure to except to the charge at trial *(People v Lewis,* 13 AD2d 714). The issue of whether the charge was defective cannot be determined by merely finding that the trial court failed

to refer to or marshal any evidence or any arguments, or that the court, through that failure or otherwise, did not relate, or did not instruct the jury how to relate, the law to the facts. The decisions of our courts have consistently indicated that the requirements are flexible, to be measured against the complexities of the case and the capacity of the jury to recollect and analyze (see *People v Montesanto,* 236 NY 396; *People v Odell,* 230 NY 481; *People v Fanning,* 131 NY 659; *People v Rivera,* 60 AD2d 852; *People v Clayborn,* 50 AD2d 952; *People v Gardner,* 59 AD2d 913; *People v Tisdale,* 18 AD2d 274; *People v Christie,* 16 AD2d 598; *People v Birch,* 283 App Div 844; and *People v Shingles,* 281 App Div 647). Turning to the instant appeal, I am satisfied from the record that "the material issues, both factual and legal, were made abundantly clear to the jury" *(People v Culhane,* 45 NY2d 757, 758, cert den 439 US 1047, *supra),* and therefore see no reason for reversal of the judgment of conviction. The charge placed before the jury so much of the (1) rules of law, (2) the parties' arguments, and (3) guiding principles for evaluating the evidence as was necessary and practicable to enable the jury to apply the law to the facts in an intelligent manner. The trial court did not, in fact, refer to, let alone marshal, any evidence. The defense arguments, however, were limited to whether the eyewitness, who had seen the defendant on earlier occasions as a patron at the restaurant she helped to manage, was mistaken as to the identity of the robber, and whether the defendant, a local resident as well as occasional patron, would have committed the act across the street from the restaurant. As defendant conceded in objecting to the instruction regarding circumstantial evidence, there was no circumstantial evidence in the three days of testimony. Thus the court, on a simple set of facts, limited its role to instructing the jury on the applicable principles of law and adequately defined those few elements comprising the crimes charged that might pose conceptual difficulties to the jury (e.g., forcible stealing, larceny, intent). The court particularly addressed itself to the principal issue at the trial, that of the eyewitness identification, in this manner: "I want to give you the law with regard to identification. Identification is a question for you to decide in the light of all of the testimony. Under our law, the identification of an accused by a solitary witness as if one involved in the commission of a crime is in and of itself sufficient to justify a conviction of such person providing of course, you are satisfied beyond a reasonable doubt of the identity of the accused as the one who committed the crime. In making your determination as to identification, you should take into consideration all of the facts and circumstances which existed at the time of the observances of the witnesses, including time of day, the lighting conditions, the weather conditions, opportunity to observe, et cetera et cetera. In determining the force and the testimony tending to establish the identity of the defendant, as the person who committed the crime charged against him, the reliability of the testimony of the witness is a most important factor for your consideration. It is for you to say how such testimony impresses you, and how much faith you can give it. Now, you know from your social and business activities that you often meet people under circumstances where no impression or recollection of those persons is left with us. On the other hand, the circumstances may be such that a clear and indelible picture of the person that you have met is left on your minds. The identity of the defendant as the person who committed the crime must be shown with sufficient certainty to preclude a reasonable possibility of mistake." Defendant took exception only to "that portion of the charge which refers to a clear and indelible picture under certain circumstances which I always except to." Under these circumstances, this

court should be guided by its earlier decision in *People v Gardner* (59 AD2d 913, *supra),* rather than the dicta in *(People v Mabry* (58 AD2d 897, *supra).* In *Gardner* a murder conviction was reversed because the trial court's charge failed to instruct the jury, at defendant's request, with respect to identification evidence, despite defendant's alibi defense. This court stated (p 913): "We believe that such facts required judicial guidance with regard to the jury's appraisal of the identification testimony, particularly where requested by defense counsel. The trial court *should have* instructed the jury to consider and balance, *inter alia,* such factors as the complaining witness' opportunity for observation, the duration and distance of the viewing, the lighting and weather conditions, the witness' ability to describe the assailant's physical features and apparel, and any other relevant factors". In *People v Rodriquez* (61 AD2d 914, 915) the trial court "merely touched upon" the factors noted in *People v Gardner,* but "did not sufficiently relate the meagre evidence as to identification adduced before the jury with the requirements of law regarding identification." The instant case is distinguishable from both *People v Gardner* and *People v Rodriquez.* First, the trial court instructed the jury about the factors relevant to identification evidence, albeit briefly. Second, the identification evidence was *not* "meagre"; it was eyewitness identification testimony of a victim who had known the defendant prior to the robbery, in contrast with the eyewitness identification testimony of the undercover police officers in *People v Rodriquez,* who needed a second showup within an hour of the criminal transaction in order to make their identification. Given the testimony in the instant case, the trial court sufficiently complied with CPL 300.10 (subd 2) by setting forth the identification evidence factors *without* referring to the identification evidence. Furthermore, the instant case was a simple one, of substantially shorter duration than the one in *People v Culhane* (45 NY2d 757, cert den 439 US 1047, *supra),* which lasted 4 weeks, and *People v Rivera* (60 AD2d 852, *supra),* which lasted 11 weeks with lengthy and often contradictory evidence on some complex issues such as mental illness and ballistics. There is, therefore, no automatic rule, as suggested in *People v Mabry* (58 AD2d 897, *supra),* that "While a Trial Judge in a criminal case is no longer bound to marshal the evidence, a bare bones charge on the law, without in any way relating it to the facts, cannot be sanctioned or approved, regardless of the strength of the proof adduced against the defendant." The only requirement is that the charge meet the statutory standard: that the trial court explain the application of law to the facts so far as *practicable,* and refer to the evidence to the extent *necessary* for that explanation. In the instant case, I believe the trial court's charge met this requirement.