■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE VARGAS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 6, 1978, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Appellant's counsel initially submitted a brief in which he asserted that the appeal presented no "non-frivolous" issues. He therefore sought permission to withdraw from the case. The District Attorney agreed that there were no issues of merit presented by the case. Our review of the record, however, revealed that there was some question as to whether reversal was required because the Trial Judge had failed to marshal the evidence in the course of his charge to the jury. Although no exception was taken, we concluded that an issue was presented which could not be termed frivolous. (See *People v Carney,* 73 AD2d 972; *People v Rivera,* 60 AD2d 852; *People v Mabry,* 58 AD2d 897). In such circumstances, where legal points arguable on their merits exist in the record, we will withhold our determination until the indigent defendant is afforded the assistance of counsel to advance argument on the issues. (See *Anders v California,* 386 US 738, 744; cf. *People v Gonzalez,* 47 NY2d 606.) Accordingly, we directed counsel for both sides to submit supplemental briefs on the issue of marshaling. Appellate counsel and the District Attorney have complied with our direction and have submitted briefs thoroughly exploring the issue of marshaling as it affects the case at bar. Upon consideration of the arguments presented we are of the view that, although the court's failure to marshal evidence relating to the crucial issue of identification was error (see *People v Carney, supra),* reversal is not warranted. At the close of this exceedingly fair trial, the court carefully instructed the jury on those factors to be considered in resolving the issue of identification. Thereafter, the jurors interrupted their deliberations and, expressing concern over the identification issue, requested that the police testimony be reread. In fact, the testimony of all four police officers was reread to the jury, and a verdict was reached immediately thereafter. In our view, the combination of the court's charge on the law of identification and the rereading of police testimony with respect to that issue rendered the failure to marshal harmless. Rabin, J. P., Gulotta, Margett and O'Connor, JJ., concur.