■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS GOODS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 24, 1978, convicting him of attempted murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second and third degrees, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The principal issue in the first three counts of the within indictment was the identity of the man who robbed the owner of the J & E Super Discount Store in Jamaica, Queens, and fired a shot at an employee therein. Defendant was arrested when he was spotted on the street by the employee who notified the storeowner who, in turn, called the police. The Trial Judge declared that although his usual practice is to the contrary, "there is no sense in my marshalling the evidence for you at this time." However, we note that the record reveals that a three-day hiatus occurred between the close of testimony and the summations of counsel and the court's charge. This delay was occasioned by the intervention of a religious holiday on Friday and the ensuing weekend. The court presented the jury with what has been termed a "bare bones" charge on the law, without in any way relating it to the facts. Under the instant circumstances the failure of the trial court to explain the relationship of the applicable principles of law to the factual issues in this case requires a reversal (see *People v Rivera,* 60 AD2d 852; *People v Carney,* 73 AD2d 972; *People v Mabry,* 58 AD2d 897). We further note that, although requested by the defendant, the court refused to charge the jury as to the legal significance of a stipulation.* Such refusal was error. The significance of a stipulation is a legal concept, not within the ready grasp of lay jurors. In fact, the jury submitted a question to the court, asking if there was an affidavit for Willis Goods. The court replied: "There was no affidavit, there was just a stipulation between counsel." Under the circumstances, the court should have explained the concept of a stipulation to the jury. Moreover, we find that since the substance of the stipulation went to the issue of identification, and since identification was the central issue in the case, this error cannot be regarded as mere harmless error. It mandates a new trial. We have considered defendant's other contentions and find them to be without merit. Hopkins, J. P., Lazer, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HOSPODAR, Appellant.—Judgment of the County Court, Westchester County, rendered September 5, 1979, upon resentence, affirmed. No opinion. This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACY

---

* A stipulation entered into between the defendant and the People had been read to the jury informing them of the substance of what the defendant's brother, Willis Goods, would have testified to had he been available for trial. At time of trial, Willis Goods was unavailable to testify because he was stationed overseas with the armed forces.