■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRESTON PARKER et al., Appellants.—Appeals from judgments of the County Court of Ulster County, rendered May 16, 1979, upon separate verdicts convicting defendants of the crime of assault in the second degree. On October 17, 1977, an inmate at the Eastern Correctional Facility at Napanoch, New York, was attacked by other inmates. Although the victim failed to identify

his assailants, a guard at the facility testified that from a distance of one or two feet he witnessed two individuals striking the victim with what looked like steel pipes and that these two individuals were facing him during the assault. He identified these two individuals as the defendants. Another guard testified that he witnessed two individuals carrying galvanized pipe chasing the victim; that shortly thereafter he heard hollering; that he then saw the two individuals come running back out; and that he saw the victim lying on the floor bleeding. This guard also identified the two individuals as the defendants. Both defendants were convicted of the crime of assault in the second degree. On these appeals, the defendants raise several issues urging reversal, only three of which necessitate comment. It is argued that the court erred in charging the jury as to the term "beyond a reasonable doubt". We disagree. In our opinion, there is no error in the objected to portion of the definition when it is read in conjunction with the entire definition of which it forms a part *(People v Manor,* 59 AD2d 584). Defendants also contend that the court erred in failing to charge the jury pursuant to CPL 60.35 (subd 2) that evidence concerning a prior contradictory statement does not constitute evidence-in-chief. Considering the charge in its entirety and the overwhelming proof of defendants' guilt, we are of the view that such failure did not constitute reversible error *(People v Williamson,* 51 AD2d 843, 844). Although defendants correctly maintain that the prosecutor made an improper remark during his summation, the proof of the defendants' guilt is so overwhelming as to render this error harmless *(People Shields,* 46 NY2d 764). We have considered defendants' remaining arguments and find them unpersuasive. The judgment, therefore, should be affirmed. Judgment affirmed. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.