■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON HERBERT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered March 23, 1981, convicting him of assault in the second degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ Although the testimony of the three prosecution witnesses on the identification issue contained some minor inconsistencies, the evidence, viewed in a light most favorable to the prosecution (*People v Kennedy,* 47 NY2d 196; *People v Benzinger,* 36 NY2d 29), was sufficient to prove beyond a reasonable doubt that defendant was the complainant's assailant. ¶ Defendant's contention that the trial court's charge on identification was inadequate because it did not marshal the evidence was not preserved for appellate review as no timely exception to the charge was made (see CPL 470.05, subd 2; *People v Contes,* 60 NY2d 620, 621; *People v Thomas,* 50 NY2d 467, 471; *People v Campbell,* 86 AD2d 403; *People v Gonzalez,* 97 AD2d 423). Nor do the circumstances of this case warrant a reversal in the interest of justice. The jury was confronted with a relatively simple set of facts. Keeping this in mind, a review of the charge indicates that it sufficed to frame the factual issues and to adequately explain the applicable principles of law, in accordance with CPL 300.10 (subd 2) (see *People v Culhane,* 45 NY2d 757; *People v Harris,* 69 AD2d 843; *People v Williamson,* 51 AD2d 843). ¶ We also reject defendant's contention that he was denied a fair trial when the trial

court, without a request from defense counsel, instructed the jury not to draw any adverse inference from defendant's failure to testify. Since no objection was interposed by the defense to this charge, it has not been preserved for appellate review as a matter of law (see CPL 470.05, subd 2). Nor would this instruction, under the circumstances of this case, warrant a reversal based upon an interest of justice analysis (see *People v Vereen,* 45 NY2d 856). We have reviewed defendant's other contention and find it to be without merit. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.