██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JOHNSON, Appellant. 

On January 16, 1979, at about 6:00 P.M., complainant opened the lobby door of her apartment building for a man, whom she identified at trial as the defendant. The two took the elevator to the second floor, where, according to complainant's testimony, defendant exited only to immediately return holding a knife, which he held to complainant's neck, demanding her pocketbook. Complainant was able to clearly see the robber's face during this confrontation, under good lighting conditions, and also as he briefly stared at her after taking the bag. Complainant promptly supplied the police with a detailed description of her assailant's characteristics and clothing.

Several days later, on January 21, 1979 at about 6:00 P.M., complainant again saw defendant, who was wearing the same clothing as on the day of the robbery, in the courtyard to her apartment building. She immediately called the police, and defendant was arrested shortly thereafter.

Upon this record, we find that defendant's guilt was proven beyond a reasonable doubt (*People v Contes,* 60 NY2d 620, 621; *People v Monaco,* 93 AD2d 823). While defendant had more facial hair at the time of trial than reported in complainant's initial description, this does not minimize complainant's positive identification of him (*see, People v Russo,* 109 AD2d 855).

Defendant's contention that the trial court's charge on identification was inadequate because it did not marshal the evidence was not preserved for appellate review as no timely exception to the charge was made (*see,* CPL 470.05; *People v Contes, supra,* p 621; *People v Herbert,* 100 AD2d 883). Nor do the circumstances of this case warrant a reversal in the interest of justice, as the jury was confronted with a relatively simple set of facts and a review of the charge indicates that it was in accordance with CPL 300.10 (2) (*People v Herbert, supra,* p 883). Furthermore,

any error in this regard was rendered harmless when, at the jury's request during its deliberations, it was read the testimony of the complainant (*People v Watson,* 78 AD2d 685; *People v Vargas,* 74 AD2d 859). Mangano, J. P., Gibbons, Niehoff and Lawrence, JJ., concur.