■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO SOTO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered June 11, 1985, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecutor's summation constituted an invited response to the arguments advanced by the defense counsel in his closing statement *(see, People v Arce,* 42 NY2d 179, 190; *People v Marks,* 6 NY2d 67, 77, *cert denied* 362 US 912; *People v Gilmore,* 106 AD2d 399, 401), and did not exceed the broad bounds of permissible rhetorical comment *(People v Galloway,* 54 NY2d 396). The defendant's other contentions are also without merit *(see, People v Vails,* 43 NY2d 364, 368; *People v Farrar,* 52 NY2d 302, 305; *People v Gines,* 36 NY2d 932; *People v Sims,* 110 AD2d 214, 220). Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT SWINDALL, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered November 16, 1982, convicting him of robbery in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that reversible error was committed by the prosecutor in his summation when he allegedly vouched for the credibility of his witnesses and inflamed the jury by his comments *(see, People v Whitehurst,* 87 AD2d 896; *People v Ashwal,* 39 NY2d 105). The defendant's argument must be rejected. The record indicates that defense counsel did not interpose a timely objection to the remarks in the prosecutor's summation of which he now complains and consequently the alleged errors have not been preserved for appellate review (CPL 470.05 [2]). In any event, reversal in the interests of justice is not warranted since for the most part, the remarks constituted fair comment on the evidence and the proof of the defendant's guilt was overwhelming *(see, People v Scott,* 108 AD2d 882; *People v Gutierrez,* 105 AD2d 754). Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.