◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PUGLIESE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Coutant, J.), rendered July 6, 1984, convicting him of burglary in the second degree (two counts), and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly instructed the jury in the section of its charge on criminal possession of stolen property in the third degree that under the law of this State, if it found that the defendant was in exclusive and unexplained possession of recently stolen property, then they could permissibly draw an inference that such possession was guilty possession *(see, People v Leotta,* 104 AD2d 828). Although there was no evidence indicating that the defendant ever possessed the property in question to the exclusion of his accomplice, the court's instruction was entirely proper since exclusive possession may be "possession which is joint with one or more persons if it is shown that they acted in concert" *(People v Shurn,* 69 AD2d 64, 69).

The defendant made no objection at trial to the court's

instructing the jury that it could not draw any unfavorable inference from the defendant's failure to testify. Consequently, his current claim that this instruction was improper is unpreserved for appellate review *(see, People v Herbert,* 100 AD2d 883). In any event, reversal in the interest of justice is unwarranted since it is unlikely in this case that the defendant suffered any prejudice from this instruction *(see, People v Vereen,* 45 NY2d 856, 857; *People v Herbert, supra).*

The defendant's contention that statements by the prosecutor improperly referred to matters outside of the evidence presented at trial has not been preserved for appellate review *(see, People v Young,* 123 AD2d 366, 367, *lv denied* 68 NY2d 919). In any event, the prosecutor's statements were all based on reasonable inferences from the evidence, and constituted fair comment *(see, People v Swindall,* 128 AD2d 819; *People v Brown,* 124 AD2d 667, *lv denied* 69 NY2d 825, 833).

The defendant's sentence was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80; *People v Mendez,* 75 AD2d 400, 405-406).

The defendant's other contentions are either unpreserved for appellate review or without merit. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.