■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence H. Bernstein, J.), rendered November 8, 1990, convicting defendant, after a jury trial, of bribe receiving in the second degree, and sentencing him to a conditional discharge, unanimously affirmed. The matter is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

Evidence at trial was that defendant, while Chairman of the District 12 Community School Board, engaged in ongoing discussions with two sales representatives of an educational book publishing company regarding possible implementation of a District-wide reading program.

Following a formal sales presentation and admittedly aggressive sales strategy, the company's reading program was accepted and instituted at fifteen of the twenty-two schools in District 12. At a meeting arranged by defendant with the company's sales manager in September 1988, defendant indicated that he had been "very helpful" in securing adoption of the company's reading program, that the company had lost out to competitors in 1982 because "certain people had not been taken care of", and that he expected 10% of the approximate $300,000 value of the initial orders placed for implementation of the company's reading plan (implementation of the

plan for all District 12 schools would cost $500,000 to $600,000).

When the sales manager advised defendant that his company did not do business in that manner, defendant responded that "people would be unhappy". On cross-examination, defense counsel elicited that the "logical inference" of defendant's words was that the company "would lose business".

Viewing this evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of bribe receiving in the second degree is amply supported *(People v Bleakley,* 69 NY2d 490). Any issues of credibility that may have been raised by cross-examination of the People's main witnesses regarding the company's use of aggressive sales tactics to win a lucrative contract, were properly placed before the jury. Their determinations, not unreasonable in the circumstances, will not be disturbed by this Court *(see, e.g., People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786).

The court's jury charge, considered as a whole, clearly and accurately presented the applicable factual and legal issues without any resulting prejudice to defendant *(see, e.g., People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047). Concur— Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.