■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SANTIAGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered June 20, 1989, convicting him of attempted murder in the second degree, assault in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his constitutional rights to a fair trial and to confront his accusers when the court precluded defense counsel from cross-examining the complaining witness, who had felony charges pending against him in connection with the shooting death of another individual, as to whether any promises had been made to him in exchange for his testimony in the present case. Even if we were to assume, arguendo, that there was an error, it would be harmless in view of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230; People v Parsons, 112 AD2d 250). Moreover, we would note that the record establishes that during cross-examination of the com-

plaining witness, defense counsel was able to elicit testimony that the witness did, in fact, face homicide charges in connection with that crime.

The defendant's claim that the court improperly gave the jury an unrequested instruction that an adverse inference should not be drawn from his failure to testify is unpreserved for appellate review (CPL 470.05 [2]). In any event, reversal in the exercise of our interest of justice jurisdiction is not warranted because there is no reasonable possibility that the instruction contributed to the conviction (see, People v Bradshaw, 154 AD2d 690; People v Pugliese, 131 AD2d 789).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.