■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HOLGUIN, Appellant. [725 NYS2d 572] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered October 13, 1999, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that alleged improper remarks by the prosecutor during summation warrant reversal of his conviction. The summation must be examined in the context of that delivered by opposing counsel and is proper if it is responsive to arguments and issues raised by the defense (*see, People v Russo,* 201 AD2d 512, 513, *affd* 85 NY2d 872; *People v Torres,* 121 AD2d 663, 664). Additionally, a prosecutor may engage in fair comment on the evidence and the inferences to be drawn therefrom (*see, People v Ashwal,* 39 NY2d 105; *People v Scotti,* 220 AD2d 543; *People v Shepherd,* 176 AD2d 369, 370). The prosecutor's remarks during summation did not exceed the broad bounds of rhetorical comment allowed in closing argument (*see, People v Galloway,* 54 NY2d 396, 399; *People v Harris,* 209 AD2d 432). Rather, the challenged remarks constituted either fair comment on the evidence presented (*see, People v Swindall,* 128 AD2d 819) or fair response to the defense summation (*see, People v Irving,* 265 AD2d 575, 576).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Krausman, J. P., S. Miller, McGinity and Schmidt, JJ., concur.