■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY RAMIREZ, Appellant. [726 NYS2d 100] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered April 13, 1999, convicting defendant, after a jury trial, of assault in the first degree, assault in the second degree (two counts), reckless endangerment in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 14½ to 29 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490). Issues of credibility were properly presented to the jury and there is no reason to disturb its determinations.

The court properly admitted a statement dictated by defendant to a detective who wrote it down. Although defendant declined to sign the statement, it was properly admitted into evidence since he read it and made corrections and additions, which he then initialed (*see, People v DaCosta*, 201 AD2d 402, *lv denied* 83 NY2d 871; *see also, People v Black*, 18 AD2d 719, *cert denied* 375 US 898; *People v Whalen*, 249 App Div 890). Since the writing was admissible as defendant's statement, it did not constitute improper bolstering of the detective's testimony by means of a prior consistent statement.

Similarly, evidence that defendant declined to sign the statement did not penalize him for exercising his right to remain silent. As noted, defendant actually waived his right to remain silent and made a statement. When he declined to sign this statement, this was not for the purpose of cutting off all further inquiry. Defendant never expressed a desire to remain silent, and, in fact, he discussed the whereabouts of the gun used in the shootings even after refusing to sign the statement. Therefore, the evidence concerning defendant's refusal to sign the statement was properly admitted into evidence (*see, People v Hendricks*, 90 NY2d 956).

The court properly declined to charge justification. Viewing the evidence, including defendant's statements to the police and to a civilian, as a whole and in a light most favorable to defendant (*see, People v Padgett*, 60 NY2d 142), there was no reasonable view of the evidence that would support a finding that defendant was justified in using deadly physical force (*see, People v Watts*, 57 NY2d 299, 301-302; *People v Matias*, 235 AD2d 298, *lv denied* 89 NY2d 1038; *People v Davis*, 232 AD2d 209, *lv denied* 89 NY2d 921).

The challenged portions of the prosecutor's summation were fair responses to the defense summation that did not deprive defendant of a fair trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). The prosecutor's limited references to the definitions of acting in concert and intent were not improper since they actually constituted argument on the facts rather than legal instruction and any possible prejudice resulting from the prosecutor's reference to legal standards was eliminated by the prosecutor's statement that the court would be instructing the jury on the law and the court's prompt instruction to that effect (*see, People v Bryant*, 247 AD2d 229, *lv denied* 91 NY2d 970; *People v Smith*, 246 AD2d 852, *lv denied* 91 NY2d 977).

Defendant's remaining contentions are unpreserved and we

decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.