■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM MILLER, Appellant. [753 NYS2d 853] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered March 24, 1998, convicting him of murder in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Starkey, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People met their initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in the pretrial identification procedures (*see People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833). Since the defendant failed to satisfy his ultimate burden of demonstrating that the procedures utilized were unduly suggestive, the hearing court properly denied that branch of his omnibus motion which was to suppress identification testimony (*see People v Chipp, supra*).

The defendant's arguments regarding prosecutorial misconduct are partially unpreserved for appellate review. In any event, the challenged conduct did not constitute reversible error.

The trial court's marshaling of the evidence during its jury charge does not require reversal (*see People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047).

The defendant's remaining contentions are either without merit or not properly before this Court. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.