THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WARREN GANT, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 1, 1971, convicting him, upon a jury verdict, of hindering prosecution in the second degree (Penal Law, §§ 205.50, 205.60), and imposing sentence. Judgment reversed on the law, and in the interests of justice, and a new trial ordered. On November 18, 1970, Patrolman Valentine while driving to his precinct in civilian clothes, observed a youth in the act of "mugging" an elderly lady. The youth forcibly stole the lady's handbag and ran to a parked car which he drove away, even though Patrolman Valentine had shouted to him that he was a police officer and had commanded him to stop. Valentine followed in his car. He chased the youth (mugger) for a few blocks. The mugger stopped his car abruptly and ran into a house on Marsden Street. Valentine stopped his car and followed him into the house. On entering, Patrolman Valentine saw defendant who, the record discloses, is mentally retarded. According to Valentine, he told defendant what had occurred; he asked where the mugger went; defendant told him he did not see the mugger and questioned Valentine's right to be there. According to defendant's 15-year-old brother "W" (initial used because of the latter's age), the same question was then addressed to "W" who replied that the mugger went upstairs. Valentine arrested the mugger on the second floor. He claims the mugger was able, temporarily to escape because of the acts of "W", and two other youths in the house — the 16-year-old twin "C" brothers. The mugger was later found hiding in that house. The mugger, defendant, and the three juveniles were arrested. The District Attorney states in his brief that at the police precinct it was ascertained that the mugger was 15 years old. After charging the jury, the court directed the reporter to read to the jury, pursuant to their request, Valentine's testimony concerning the acts of the "C" brothers. Then, the jury made this written request for further instructions, "If any one of the four [juveniles] are guilty, is this defendant also guilty?" In answer to that inquiry, the court charged, "I can't tell you that gentlemen. You have to decide the case on what you heard here. I can't refer to any other defendant because this is the only defendant on trial." The indictment charges that defendant acting "in participation" with others, hindered the apprehension of a person who had committed a felony. The record shows no affirmative acts of hindering the mugger's arrest by defendant. The jury's question indicates their concern whether defendant could be held liable for the acts of the above juveniles who Valentine had testified did affirmatively aid the mugger, temporarily to escape. In our opinion, a proper instruction in answer to the jury's question was that defendant could be held liable for the acts of the others, if, with mental culpability, he participated in those acts, or if he directed, planned or importuned those acts (*People* v. *La Belle,* 18 N Y 2d 405, 412; *People* v. *Pinckney,* 38 A D 2d 217, 221, affd. 32 N Y 2d 749; Penal Law, § 20.00). The interest of justice mandates a new trial even though no exception was taken to that erroneous instruction by the court

(*People* v. *Ramsey,* 40 A D 2d 837, 838). We note the suggestion that the subject indictment might be dismissed because the mugger was 15 years old, and, therefore, could not be deemed to have committed the felony referred to therein (see Family Ct. Act, § 712 concerning culpability of juvenile delinquents). Since that alleged fact was not brought out at the trial, we deem it inappropriate to make any present determination, predicated thereon. This determination is made without prejudice to an application that may be made to the Criminal Term based on competent evidence of that alleged fact. Munder, Acting P. J., Martuscello, Latham, Brennan and Benjamin, JJ., concur.