■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD MATTHEWS, Also Known as RONALD BRITT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County, rendered June 8, 1976, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Defendant drove a company car out of his former employer's parking lot without permission. The next day, he brought the car to a police station and expressed his desire to return it to his former employer. Defendant asked the police to cancel the alarm on the car so that he could return it himself. An important factual issue for the jury to resolve was whether the bringing of the car to the police evinced an intent to use it temporarily, or whether the request to "cancel the alarm" evinced a desire to fraudulently persuade the police to stop their search for the car, thereby permitting him permanent and undetected use. The former, if believed, would make out the crime of unauthorized use of a vehicle; the latter would support a conviction of larceny. The charge to the jury concerning the definition of the word "deprive", as used in the statute governing the crime of larceny, was inadequate and requires a reversal (see Penal Law, § 155.05, subd 1). The court charged that "deprive" simply means "the withholding or the causing to be withheld of any property from its original owner." The court omitted from the definition the statutory requirement that the withholding of the property be permanent or for so extended a period of time that the major portion of its economic value is lost (see Penal Law, § 155.00, subds 3, 4). Such an omission could have misled the jury into thinking that *any* withholding, permanent or temporary, constituted larceny. The larceny

conviction must therefore be reversed and a new trial ordered. Latham, J. P., Damiani, Suozzi and Gulotta, JJ., concur.