■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE LOWRANCE, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 26, 1977, convicting defendant after a jury trial of possession of gambling records in the first degree and sentencing him, as a predicate felon, to an indeterminate term of imprisonment from two to four years, unanimously reversed, on the law, and the case remanded for a new trial. On May 20, 1975, police officers executed a search warrant authorizing the seizure of gambling records at a store located at 533 East Tremont Avenue. The defendant, a clerk in the store, was observed standing directly in front of a counter on which there were slips of papers containing mutual race horse policy (MRHP) wagers. On a shelf beneath the counter, also directly in front of the defendant, there were additional slips with MRHP wagers. Two other men were standing in front of the counter. In addition, there was testimony that on May 15, an undercover officer placed an MRHP bet with someone other than the defendant. The defendant, however, was behind the store's counter recording MRHP bets on a yellow pad. In the court's charge, he correctly noted that possession under the law is not limited to physical possession. He went on to state, however, that "it can also mean that the items are so situated that a person can readily seize it or can otherwise exercise dominion or control over such property even where he does not have it in his physical possession." The court's charge was at best misleading with regard to the central issue presented. From the words quoted above the jury could have concluded that defendant's proximity to the seized records, without more, would be sufficient to establish his possession of them. As defined in the statute " 'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property." (Penal Law, § 10.00, subd 8.) The fact that the trial court also correctly quoted the statutory language did not in our view overcome the potential for misunderstanding apparent in the charge. We think it unnecessary to discuss the other issues raised except to note our disagreement with defendant's claim that testimony concerning his activities on May 15 was improperly admitted. An element of the crime charged is "knowledge of the contents" of the possessed records (Penal Law, § 225.20) and the admitted testimony was relevant to that issue. (Cf. *People v Vails,* 43 NY2d 364, 368.) Concur—Kupferman, J. P., Birns, Fein, Markewich and Sandler, JJ.