■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SATISFIELD, Appellant.—Judgment, Supreme Court, Bronx County, rendered September 8, 1977, convicting defendant of assault in the second degree and sentencing him thereupon to a term of two to four years, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the matter remanded for a new trial. Frustrated and angered, this 71-year-old defendant, wielding an eight-inch kitchen knife, ran after Carney, his landlord, as the latter, having just rebuked defendant for his loud and abusive behavior, was leaving defendant's room. When the other occupant of the room called out "Don't do it", Carney turned and grabbed defendant's arm. A struggle ensued in which Carney was stabbed in the buttock. During the struggle defendant stated repeatedly "I'm going to kill you." He was eventually subdued and the knife taken from him. There was some evidence that defendant had been drinking. In its charge the court instructed adequately, in terms having reference to no specific crime, on the subject of intent. In charging on intoxication the court asked the jury to consider whether defendant was in such a state of intoxication as to impair his capacity to formulate an intent to commit murder. No other crime was mentioned. Defendant took no exception to the intoxication charge. When the court reached that part of its charge where it discussed the crimes contained in the indictment, it properly instructed on the essential elements of attempted murder, including intent, and referred the jury to its earlier instruction on that subject. The court then proceeded to charge on assault in the second and third degrees, which it submitted, in the alternative, as lesser included offenses of the attempted murder. As to assault in the second degree, the court read the statutory definition, which, of course, has as an element the "intent to cause physical injury to another person". (Penal Law, § 120.05, subd 2.) The court immediately followed this recitation with the following instruction: "To justify a conviction of assault in the second degree, you are required to find beyond a reasonable doubt that the defendant caused physical injury to John Carney by means of a dangerous instrument, the dangerous instrument being a knife in this case." It then gave a brief elucidation of each element, again omitting intent altogether and, unlike the charge on attempted murder, it made no reference back to its earlier instruction on intent. The court followed precisely the same format in charging assault in the third degree, eliminating intent except

when it read the statutory definition. The court then proceeded to charge possession of a weapon and properly charged intent as an element, again referring the jury back to its earlier instruction on intent. At the first opportunity defendant requested that the court charge that a specific intent to cause physical injury was required to convict on the charge of assault in the second degree. The court refused. After a seven-hour deliberation, the jury acquitted defendant of attempted murder but convicted him of assault in the second degree. Although the evidence is sufficient to sustain the verdict of guilty, reversal is required because of the failure to charge the requisite "intent to cause physical injury" with respect to the crime of assault in the second degree. *(People v Katz,* 290 NY 361.) Whatever benefit accrued from the court's reading of subdivision 2 of section 120.05 was vitiated by the court's incomplete summary of the elements as it charged on the People's burden with respect to assault in the second degree. A court is required to charge that the People have the burden of proving every element of the crime charged beyond a reasonable doubt. *(People v Newman,* 46 NY2d 126.) As a corollary, if the court, in so doing, endeavors to recite the elements, it must include all of them. (See *People v Katz, supra.)* Failure to do so here served to confuse the jury as to the elements of the crime. (See *People v Lowrance,* 65 AD2d 531.) The omission to charge intent as an element of the assault charges was accentuated by the inclusion of the proper charge on intent on the crimes charged immediately before and after. Moreover, the court's reference in its intoxication charge to only the attempted murder might well have served to instill in the jurors' minds that intent was not an element of the assault charges. Although no exception was taken, the interests of justice dictate that we consider this additional oversight because, in the context of the entire charge, it may well have contributed to an improper verdict. Concur—Fein, J. P., Sullivan, Lane, Markewich and Silverman, JJ.