■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH DAVIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 18, 1978, convicting him of robbery in the second degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of assault in the second degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. The Court of Appeals stated in *People v Grier* (37 NY2d 847, 848), that "Where the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [b])." Under the circumstances of this case, the verdict of guilty of assault in the second degree was a verdict on an inclusory concurrent count of the count charging robbery in the second degree under section 160.10 (subd 2, par [a]) of the Penal Law. Since the defendant was also convicted of the robbery count, the assault conviction must be reversed and that count dismissed. (See *People v Thompson,* 59 AD2d 672.) The People concede this point. As to defendant's argument that the convictions of robbery in the second degree must fall due to an improper supplementary instruction by the Trial Judge on the definition of this crime, we hold that such error was harmless under the circumstances. Although the Judge's initial charge on, the second degree robbery was proper in all respects, upon further instruction at the jury's request, the court neglected to refer to the necessity of the People proving that physical force was involved in the commission of the crime. In most instances, the failure to charge a necessary element of a crime constitutes reversible error. (See *People v Katz,* 290 NY 361; *People v Satisfield,* 68 AD2d 817.) In this case, however, defendant was also charged with assault in the second degree, for which proper instructions were given. The jury returned a verdict of guilty on this assault charge. Hence, there was necessarily a finding that physical force was employed in the execution of the crime, as the acts of assault and robbery were inextricably intertwined. Thus, any error in not charging the element of force as to the robbery in the supplementary instruction was overcome by the fact that force was initially charged and the obvious finding that force was, in fact, involved. We conclude, therefore, that the error was harmless. (See *People v Crimmins,* 36 NY2d 230.) We have considered defendant's other arguments on this appeal and have found them to be without merit. O'Connor, J. P., Mangano, Rabin and Gibbons, JJ., concur.