■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 28, 1978, convicting him of manslaughter in the second degree, assault in the first degree, assault in the second degree (two counts), grand larceny in the second degree, driving without a license, speeding, and disobeying traffic signals, upon a jury verdict, and imposing sentence. Judgment modified, (1) on the law, by reducing the conviction of manslaughter in the second degree to one of criminally negligent homicide, and vacating the sentence imposed thereon, and (2) on the law and as a matter of discretion in the interest of justice, by reversing the convictions of assault in the first degree, assault in the second degree (both counts) and grand larceny in the second degree and vacating the sentences imposed thereon. As so modified, judgment affirmed and case remanded to Criminal Term for a new trial on the charges of assault in the first degree, assault in the second degree (both counts) and grand larceny in the second degree and for resentencing on the conviction of criminally negligent homicide. The evidence adduced at the trial was not legally sufficient to support the conviction of manslaughter in the second degree. The People failed to prove satisfactorily that defendant was aware of the risk of death created by his conduct and that he nonetheless consciously disregarded that risk (see Penal Law, § 125.15, subd 1; § 15.05, subd 3). However, the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt of the crime of criminally negligent homicide. The People's case showed with the requisite certainty that defendant failed to perceive a substantial and unjustifiable risk that his conduct would result in death and further that the risk was of such nature that defendant's failure to perceive it constituted a gross deviation from the standard of care that a reasonable person would observe in the situation (see Penal Law, §§ 125.10, 15.05, subd 4). The judgment is, therefore, modified accordingly. In addition, the trial court committed reversible error when, with respect to its charge on the crime of grand larceny in the second degree, it omitted from its definition the statutory requirement that the withholding of the property be permanent or for so extended a period of time that the major portion of its economic value is lost (see Penal Law, §§ 155.35, 155.05, 155.00, subds 3, 4; *People v Matthews,* 61 AD2d 1017). Such an omission could have misled the jury into thinking that any withholding, permanent or temporary, constituted larceny (see *People v Matthews, supra).* The People contend that the error, if any, was harmless because defense counsel's argument to the jury focused not on the issue of what defendant intended to do with the vehicle once he had stolen it, but rather on the issue of whether, in fact, he had stolen the vehicle at all. We reject the People's position. Regardless of his proffered defense, defendant was entitled to have the jury consider each of the statutory elements of grand larceny in the second degree in determining his guilt or innocence of that crime. The omission from the court's charge deprived defendant of that right. The prejudicial effect of this error was exacerbated by the nature of the three assault counts upon which defendant stands convicted. All were based upon the theory that, in the course of, and in furtherance of the commission and attempted commission of a felony (to wit, grand larceny), and of immediate flight therefrom, the defendant caused either serious physical injury (assault in the first degree) or physical injury (two counts of assault in the second degree) to a person other than one of the participants (see Penal Law, § 120.10, subd 4; § 120.05, subd 6). Quite

plainly then, the erroneous charge with respect to the grand larceny count also requires a new trial on each of the assault counts of which defendant was convicted. Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.