■ The People of the State of New York, Respondent, v Robert Zurita, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 6, 1979, convicting him of reckless endangerment in the second degree and menacing, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and as a matter of discretion in the interest of justice and new trial ordered. At about 12:30 A.M. on July 21, 1978, while driving an automobile belonging to one of his passengers, defendant stopped on Utopia Parkway and waited for a change of light at the corner of Northern Boulevard. Edward Harris, a police officer riding home on a motorcycle and wearing civilian clothes, pulled up on defendant's left. Defendant leaned out his window and derided Harris' motorcycle, not knowing at the time that Harris was a police officer. When defendant turned right onto Northern Boulevard, Harris followed from the left lane, moving ahead of defendant's vehicle. When Harris was 50 to 100 feet in front of defendant's vehicle, he dismounted his motorcycle and approached defendant's vehicle which had pulled toward the curb. Harris explained at trial that his purpose was to take down the license plate number of defendant's car so he could report defendant's earlier reckless driving. The defendant claims that when he had made the remark about the motorcycle, Harris threatened to harm him and was then attempting to make good his threat. In any event, defendant, seeing Harris take a few steps toward his car, rapidly accelerated into the traffic on Northern Boulevard. Harris claims that the car would have hit him had he not quickly jumped to the curb, but defense witnesses said the car did not go near Harris and that defendant was merely trying to get away from him. Harris then remounted his motorcycle and followed defendant's vehicle east on Northern Boulevard, then north on a side street after turning left off of Northern Boulevard. Defendant's vehicle stopped soon after turning; Harris stopped some distance behind and another vehicle with friends of defendant inside stopped behind the motorcycle. Persons exited both cars and surrounded Harris. When defendant was 20 to 30 feet away from Harris, he removed a studded belt from his pants, wrapped it tightly around his hand, and presented the wrapped fist to Harris, still seated on his motorcycle. Defendant asked Harris what he wanted. Harris identified himself as a police officer and replied that he wanted to take down the license plate number of the car defendant was driving and that he had done so. Defendant put his belt back on his pants, never having come closer than 10 feet to Harris. The occupants returned to their cars and proceeded to their destination (a friend's house), followed by Harris, who had called for assistance. Defendant was later arrested leaving the house. Defendant was convicted for reckless endangerment in the second degree arising out of the incident involving defendant's alleged attempt to hit Harris with the car and for menacing arising out of the wrapped fist incident. Although defendant's other contentions are without merit, there are two which warrant reversal of his convictions and a new trial. As to the reckless endangerment charge, defendant's claim that he took the actions he did for the protection of himself and his passengers warranted a charge on justification despite defense counsel's failure to request it. On the totality of the facts and circumstances described, the failure to charge the jury on the defense of

justification constituted reversible error (see Penal Law, §§ 35.00, 35.05; *People v May,* 55 AD2d 739). The People concede that reversal is also required because of the court's instruction to the jury on the offense of menacing. The court first incorrectly charged that intent was not an element of the crime. Counsel for defendant excepted, and the court gave a curative instruction which consisted of a reading of the definition from the statute (Penal Law, § 120.15) and the following: "As I said to you earlier, I shall tell you again, the big word or the key word in menacing is instilling fear and apprehension. There need not be physical injury." We find that the charge taken as a whole, devoid of any reference to intent other than the one read from the statute, while replete with comments about the other elements of the crime, was erroneous *(People v Satisfield,* 68 AD2d 817, 818). Accordingly, defendant is entitled to a reversal of both convictions and a new trial. Damiani, J. P., Lazer, Gibbons and O'Connor, JJ., concur.