■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ALBANESE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Corso, J.), rendered September 5, 1980, convicting him of petit larceny, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. On August 10, 1979, at approximately 5:10 a.m., defendant, who was intoxicated, claims that he entered an all-night store to purchase cigarettes. However, upon entering, he told the night employee to give him all the money. The employee initially thought defendant was only joking, but eventually gave him the money in the register after defendant repeated his request several times. Defendant then ordered the store clerk to the rear of the store and threatened to "blow [his] head off." The employee did as instructed and within approximately a minute, defendant told him to return to the front of the store, informed him that he was only joking and placed the money back on the counter. The trial court instructed the jury that a person is guilty of petit larceny when he steals property; the jury was then instructed that a person steals property when it is his intent to deprive another of his property and that a person acts with the intent to deprive another of his property when it is his conscious aim or objective to deprive another of property. The jury was told that if they were satisfied that all the elements of the crime of larceny occurred, then it was no defense to the crime that defendant returned the money before he was arrested. We reverse on the ground that the trial court's instruction to the jury on intent, an essential element of the crime charged, was insufficient. The court failed to read the statutory definitions of "deprive" and "appropriate". (See Penal Law, § 155.00, subds 3, 4.) Further, the court did not distinguish between an intent to permanently deprive and an intent to temporarily deprive. (See *People v Johnson,* 75 AD2d 585; *People v Matthews,* 61 AD2d 1017.) Had the jury been instructed more thoroughly on the meaning of intent, it is possible that the jury may have returned a different verdict finding that defendant was only joking and did not intend to permanently deprive. (See *People v Montgomery,* 39 AD2d 889.) Moreover, it is our opinion that, although defense counsel's exception to the charge could have been expressed with greater precision, it was sufficient to preserve this issue for appellate review as a matter of law. For the foregoing reasons, defendant is entitled to a new trial. Weinstein, J. P., O'Connor, Thompson and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THERESA ANN BALDO, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Bonomo, J.), dated December 4, 1980, which, following the jury's returning a verdict of guilty of grand larceny in the third degree, granted defendant's motion to dismiss the indictment upon the ground that the trial evidence was not legally sufficient to establish the offenses charged therein or any lesser included offenses. Order reversed, on the law, motion denied, and the verdict of the jury is reinstated. The case is remitted to Criminal Term for sentencing on the conviction. The evidence was legally sufficient to establish grand larceny in the third degree (see CPL 290.10, subd 1; *People v Underwood,* 43 AD2d 800). The trial court's dismissal of the indictment (it had reserved decision on the dismissal motion until after the verdict of the jury), was, therefore, improper and we reinstate the verdict. We note that defendant retains her right to appeal from the judgment of conviction. Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.