THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERT W. CAMPBELL, Appellant.

Second Department, May 17, 1982

**APPEARANCES OF COUNSEL**

*William E. Hellerstein* (*Claudia Van Wyk* of counsel), for appellant.

*Elizabeth Holtzman, District Attorney* (*Linda Riley* of counsel), for respondent.

GIBBONS, J.

Defendant contends that his conviction for criminal possession of a weapon in the fourth degree (Penal Law, § 265.01, subd [2]) is repugnant to his acquittals on the counts of attempted robbery in the first degree (Penal Law, § 160.15, subd 3) and assault in the second degree (Penal Law, § 120.05, subd 2). He maintains that to have rendered the afore-mentioned acquittals and the convictions on the counts of attempted robbery in the second degree and assault in the second degree (Penal Law, § 120.05, subd 6), the jury necessarily found that every element of attempted robbery in the first degree and assault in the second degree (Penal Law, § 120.05, subd 2) was proven beyond a reasonable doubt, with the exception of the element of use or threatened use of a dangerous instrument. Since defendant did not use or threaten the immediate use of a dangerous instrument to commit an assault or an attempted robbery, and no proof was proffered as to another unlawful use against the complainant, defendant contends that the essential element of intent to use a dangerous instrument unlawfully against another was negated.

I disagree.

■ "[A] verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" (*People v Tucker*, 55 NY2d 1, 4). The defendant would have this court review the record *in toto* so as to consider all the evidence and discover the underlying basis of the jury's determination in order to ascertain if repugnancy exists. Such an approach is inappropriate. This court may look to the record only to review the jury charge so as to ascertain what essential elements were described by the trial court. A conviction, under this approach, will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered. (*People v Tucker, supra.*)

Intent to use a dangerous instrument unlawfully is an essential element of criminal possession of a weapon in the fourth degree but is not an element of the counts for which defendant was acquitted. In examining the charge, the court properly instructed the jury that the element of intent to use a dangerous instrument unlawfully can be presumed from a finding that defendant possessed a dangerous instrument. The jury could have convicted defendant of criminal possession by applying the aforesaid presumption, since a finding that defendant did not actually use the dangerous instrument in his possession does not *ipso facto* negate an intent to use the dangerous instrument in furtherance of the commission of the crimes for which he was convicted had the need to use said instrument materialized. Complying with the court's instructions, the jury could have concluded that the finding that defendant did not use the dangerous instrument in his possession was not sufficient to rebut the presumption of intent to use unlawfully. Accordingly, the verdicts are not repugnant.

Defendant further contends that under the circumstances of this case, the verdict of guilty of assault in the second degree should have been dismissed as an inclusory concurrent count of the count charging attempted robbery in the second degree, under section 160.10 (subd 2, par [a]) of the Penal Law (cf. *People v Davis*, 73 AD2d 674).

■ Defendant's contention is without merit. It is well settled that "where the verdict is comprised of inclusory concurrent counts a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 2, par [b])" (*People v Grier*, 37 NY2d 847, 848). However, assault in the second degree (Penal Law, § 120.05, subd 6) is not a *lesser* included offense of attempted robbery in the second degree (Penal Law, § 160.10, subd 2, par [a]; § 110.05, subd 5) because both are class D felonies.

■ Additionally, I reject defendant's contention that the trial court's failure to charge as to the standard for criminal liability for the conduct of another (Penal Law, § 20.00) deprived him of a fair trial.

Initially I note that no request to charge on accessorial liability was made by defense counsel nor was an exception taken to the court's failure to so charge. Accordingly, as a matter of law, the issue has not been preserved for review on appeal (CPL 470.05, subd 2; *People v Robinson,* 36 NY2d 224, mot for rearg den 37 NY2d 786).

In any event, the overwhelming credible evidence adduced at trial showed that defendant himself engaged in conduct constituting the offense of which he was convicted, not that he merely aided his codefendant in acts which were physically attributable only to his codefendant (cf. *People v La Belle,* 18 NY2d 405; *People v Gant,* 42 AD2d 736). In view of the trial court's repeated instructions that each defendant was to be treated separately, which had the effect of forcing the jury to consider each defendant's conduct and intent in regard to every element of the crime charged as if each were an individual actor, the failure to instruct the jury as to the standard for criminal liability for the conduct of another was harmless error.

MOLLEN, P. J., TITONE and THOMPSON, JJ., concur.

Judgment of the Supreme Court, Kings County, rendered February 1, 1980, affirmed.