■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ZAMBUTO and JOSEPH ZAMBUTO, Appellants. — Appeals by defendants from two judgments (one as to each defendant) of the Supreme Court, Kings County (Starkey, J.), both rendered May 25, 1982, convicting each of them of grand larceny in the third degree, criminal possession of stolen property in the second degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence. As to defendant Charles Zambuto, judgment reversed, on the law and as a matter of discretion in the interest of justice, indictment dismissed, and the case is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. As to defendant Joseph Zambuto, judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The defendants' convictions emanate from the discovery of a stolen car on property belonging to National Auto Parts and Sales, Inc. (hereinafter National). Defendant Joseph Zambuto is the owner and sole corporate officer of National; Charles Zambuto is an employee of the corporation. While there was a proper basis for the imposition of criminal liability upon Joseph Zambuto (see Penal Law, § 20.25), it was improper to impose such liability upon Charles Zambuto, who was never in possession of the stolen vehicle, and was merely an employee of the corporation. Consequently, the indictment must be dismissed as to defendant Charles Zambuto. The record reveals that Criminal Term's charge to the jury was so deficient that defendants were deprived of their right to a fair trial. The court's failure to explain the relationship between the applicable principles of law and the factual issues presented requires reversal of the convictions (see *People v Carney,* 73 AD2d 972; *People v Rivera,* 60 AD2d 852). Moreover, in charging grand larceny in the third degree, not only did the court fail to give the statutory definition of larceny (see Penal Law, § 155.05), but it neglected to inform the jury of the necessity for establishing intent, or the distinction between an intent to permanently deprive and an intent to temporarily deprive. Furthermore, the court never defined either "deprive" or "appropriate". In such a situation, reversal is warranted (see *People v Albanese,* 88 AD2d 603; *People v Johnson,* 75 AD2d 585). Titone, J. P., Thompson, Rubin and Boyers, JJ., concur.