■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD T. MONAHAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered July 13, 1983, convicting him of grand larceny in the second degree, upon a jury verdict, and sentencing him to a definite prison term of one year. ¶ Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a definite term of imprisonment of three months. As so modified, judgment affirmed and this case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). ¶ The trial court sufficiently instructed the jury that in order to render a verdict of guilty, they were required to find that defendant specifically intended to commit grand larceny (Penal Law, §§ 155.05, 155.35). In addition, the trial court informed the jury of all of the elements of the crime of grand larceny in the second degree (see, e.g., *People v Davis,* 73 AD2d 674; *People v Satisfield,* 68 AD2d 817), and properly defined the terms "deprive" and "appropriate" (see *People v Zambuto,* 93 AD2d 873; *People v Albanese,* 88 AD2d 603; *People v Johnson,* 75 AD2d 585; *People v Guzman,* 68 AD2d 58, 62). Furthermore, any error committed by the trial court during the *voir dire* of the jury by stating that defendant was not required to testify, even though defendant never requested such a preliminary instruction (see CPL 300.10, subd 2), and by requiring the prosecutor to divulge the names of her prospective witnesses, was harmless beyond a reasonable doubt (see *People v Boyd,* 74 AD2d 647, affd 53 NY2d 912). However, we reiterate that names of prospective witnesses should be obtained from the attorneys outside the presence of the jury and presented to the prospective jurors without attribution to either party, and that, absent a request by defendant, the Trial

Judge may make no comment concerning defendant's right not to testify (*People v Boyd, supra*). ¶ Under the facts of this case the sentence as reduced is more appropriate. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.