OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Term should be reversed and the case remitted to Criminal Court, New York County, for further proceedings on the accusatory instrument.
 

 Failure of the Trial Judge to include in the jury charge, as requested, the statutory definitions of “deprive” and “appropriate” (see Penal Law, § 155.00, subds 3, 4) was reversible error in this attempted larceny case. There is no requirement, as the Appellate Term found, that a “unique and difficult” larcenous intent issue be presented by the evidence before such amplifying definitions must be given. In this case, evidence presented by the prosecution showed that defendant had been seen striking several women in the back of the head before he reached out and pulled an earring from the victim, that the earring fell to the ground, and that by the time defendant was arrested, the victim and the earring both had vanished. We agree with the analysis of Justice Sandifer, in his dissent, that in such circumstances the omission of the statutory definitions
 
 *914
 
 requested to be charged “could have misled the jury into thinking that
 
 any
 
 withholding, permanent or temporary, constituted larceny”
 
 (People v Matthews,
 
 61 AD2d 1017).
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed and case remitted to the Criminal Court of the City of New York, New York County, for further proceedings on the accusatory instrument in a memorandum.