■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP ROSS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered December 17, 1982, convicting him of murder in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial (Agresta, J.), after a hearing, of that branch of defendant's pretrial motion which sought suppression of certain statements.

Judgment affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People, as we must, it cannot be said that no rational trier of fact could have found beyond a reasonable doubt that defendant acted with a depraved indifference to human life and was aware of and consciously disregarded a

substantial and unjustifiable risk of death, where there was testimony that he repeatedly slapped the deceased, a five-year-old boy, and hit him with a dowel, a plastic instrument, and a piece of molding with such force that the latter two objects broke. In addition, although a reasonable view of the evidence could support a conclusion that defendant's actions were not the sole cause of death, there was sufficient evidence adduced from which the jury could reasonably have concluded that they were "an actual contributory cause of death, in the sense that they 'forged a link in the chain of causes which actually brought about the death' *(People v Stewart,* 40 NY2d 692, 697)" *(Matter of Anthony M.,* 63 NY2d 270, 280). Thus the People have met their burden of proving beyond a reasonable doubt that defendant caused the death of the deceased *(see, People v Stewart, supra).*

Furthermore, although there was some conflicting testimony at trial as to exactly when defendant was given his *Miranda* warnings, the jury was adequately instructed regarding the law applicable to defendant's statements.

With regard to the jury charge, the trial court erred when, in enumerating the elements the People were required to prove beyond a reasonable doubt in order to support a conviction for "depraved indifference" murder, it omitted the element that defendant caused the death of the deceased *(see, People v Collins,* 103 AD2d 781; *People v Zurita,* 76 AD2d 871; *People v Satisfield,* 68 AD2d 817). However, this error was rendered harmless, since the court read Penal Law § 125.25 (2) twice during its charge-in-chief and once during its supplemental charge and defense counsel's summation repeatedly referred to the issue of whether or not defendant's acts caused the deceased's death *(see, People v Lopez,* 59 AD2d 767; *People v Varisco,* 57 AD2d 596).

We have examined defendant's remaining contentions and find them to be either without merit or not preserved for our review. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.