■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTIAGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered March 28, 1985, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or do not warrant reversal. Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHIM SHAKUR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered March 3, 1986, convicting him of robbery in the second degree, grand larceny in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Further, we find that the court's supplemental instruction relating to the concept of acting in concert was proper. It was responsive to the jury's inquiry and the charge as a whole was not prejudicial to the defendant *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847). Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.