■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ANDRE, Also Known as ANDRE JOHN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered February 28, 1986, convicting him of grand larceny in the third degree (two counts) and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred when it omitted the statutory definitions of "deprive" and "appropriate" (Penal Law § 155.00 [3], [4]) from its supplemental instructions to the jury on the grand larceny charges has not been preserved for appellate review in that no objection was made thereto, nor was a request for a more amplified instruction made (see, CPL 470.05 [2]; People v Burnice, 112 AD2d 642; People v Robinson, 103 AD2d 852). In any event, the court's supplemental instruction was fully responsive to the jury's inquiry, and as a whole was not prejudicial to the defendant (see, People v Almodovar, 62 NY2d 126; People v Malloy, 55 NY2d 296; People v Shakur, 144 AD2d 600). Finally, in con-

trast to those cases cited by the defendant, here the jury was provided with the appropriate definitions in the original charge and thus the concept of "permanency" as employed in the definitions of "deprive" and "appropriate" was already before it (see, People v Ward, 120 AD2d 758; People v Monahan, 103 AD2d 833). Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.