■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BARNES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered August 12, 1988, convicting him of assault in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contention, we find that the supplemental charge did not serve to prejudice the defendant. It is clear that the jury "after hearing the entire charge, would gather from its language the correct rules which should be applied for arriving at its decision" (see, People v Hall, 82 AD2d 838, 839). The charge as a whole correctly and effectively conveyed the proper elements of the crimes charged (see, People v Bennett, 144 AD2d 564; People v Shakur, 144 AD2d 600).

Further, we find no merit to the defendant's assertion that the prosecutor's summation deprived him of a fair trial. The remarks complained of constituted fair response to the statements made by the defense attorney in his summation (see, People v Seldon, 128 AD2d 742, lv denied 70 NY2d 656; People v Scott, 138 AD2d 421).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People proved that the defendant was operating an automobile, accompanied by the complainant in

the front seat and his nephew in the rear, when his nephew threatened the complainant with a knife and then forcibly dragged her from the front seat to the rear seat. Thereafter, the defendant continued to drive his automobile at a substantial rate of speed with knowledge that the complainant—who had previously attempted to jump from the car—was being repeatedly attacked by his nephew in the back seat. In light of the foregoing, the jury could rationally conclude that the defendant bore criminal responsibility as a principal for the injuries sustained by the complainant when, in order to escape the nephew's continuing physical assaults and prompted by the defendant's failure to stop his car, she jumped from the moving vehicle and sustained injuries as a result. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.