■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES THOMAS, Appellant. [620 NYS2d 980] —Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Sherman, J.) rendered June 8, 1992, convicting him of criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree, and possession of burglar's tools under Indictment No. 2611/88, upon a jury verdict, and imposing sentence, and (2) from an amended judgment of the same court, also rendered June 8, 1992, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated the conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of robbery in the second degree under Indictment No. 2985/85.

Ordered that the judgment and the amended judgment are affirmed.

The defendant contends, among other things, that the Supreme Court erred in its supplemental instruction to the jury

by failing to charge that mere presence in an automobile does not, by itself, constitute possession of the automobile. We disagree. The court's supplemental charge to the jury fully responded to the jury's inquiry, and it was not prejudicial to the defendant (see, People v Almodovar, 62 NY2d 126; People v Malloy, 55 NY2d 296). Furthermore, the court instructed the jury in its initial charge that mere presence in an automobile does not constitute possession of the automobile. Thus, this information was before the jury (see, People v Andre, 152 AD2d 589).

The defendant's remaining contentions are without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.