■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNETT WILLIAMS, Appellant. [634 NYS2d 493] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered September 19, 1994, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he committed attempted burglary in the second degree is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Harvey, 175 AD2d 138). The totality of the evidence adduced by the People, including the time of the incident, the manner of the defendant's attempted entry into a building, and his failure to state a legitimate reason therefor, permitted the jury to infer that he intended to commit a crime on the premises (see, People v Barnes, 50 NY2d 375; People v Mackey, 49 NY2d 274; People v McCrea, 194 AD2d 742; People v Ryan, 180 AD2d 769). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]; People v Ritgers, 158 AD2d 628).

We reject the defendant's contention that the trial court erred by refusing to discharge a juror who mistakenly returned to the courtroom after the lunch recess while the defendant was absent. During an in-camera inquiry, the court questioned the juror regarding any inferences he might have drawn based on his observations, and counsel on both sides were allowed to participate. The juror's responses unequivocally indicated that his ability to render an impartial verdict in the case had not

been affected *(see, People v Buford,* 69 NY2d 290, 298-299). Bracken, J. P., Sullivan, Miller and Florio, JJ., concur.