■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK DADAMO, Appellant. [702 NYS2d 887] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered January 12, 1998, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in refusing to charge the jury on assault in the second degree as a lesser-included offense of assault in the first degree. Viewed in the light most favorable to the defendant (*see, People v Martin,* 59 NY2d 704), there is no reasonable view of the evidence which would support a finding that the defendant committed the lesser offense, but not the greater (*see, People v Ford,* 62 NY2d 275). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK DAVIS, Appellant. [704 NYS2d 99] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 6, 1996, convicting him of robbery in the first degree, leaving the scene of an incident without reporting, and aggravated unlicensed operation of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During the first round of voir dire, after the People and the defense counsel made their peremptory challenges, the defense counsel raised a successful *Batson* challenge to one of the People's peremptory challenges. The Supreme Court committed reversible error by then permitting the People to exercise an additional peremptory challenge (*see,* CPL 270.15 [2]; *People v Alston,* 88 NY2d 519, 529; *see also, People v Lebron,* 236 AD2d 423).

The Supreme Court also erred by not including the statutory definitions of "deprive" and "appropriate" within the jury charge on the robbery counts of the indictment, as requested by the defendant (Penal Law § 155.00 [3], [4]; *see, People v Watts,* 57 NY2d 299; *People v Zambuto,* 93 AD2d 873; *People v Albanese,* 88 AD2d 603). Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.