■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY G. WILLIAMS, Appellant. [710 NYS2d 285] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that the verdict is against the weight of the evidence and that the sentence is unduly harsh or severe. The criminal intent of a burglar or attempted burglar may be inferred from the circumstances of the entry or attempted entry (*see, People v Gaines*, 74 NY2d 358, 362, n 1; *People v Barnes,* 50 NY2d 375, 381; *People v Mackey*, 49 NY2d 274, 280). The People need not establish that defendant intended to commit any particular crime (*see, People v Mahboubian*, 74 NY2d 174, 193; *People v Mackey, supra*, at 278-279). Here, the evidence supports the inference that defendant had the intent to commit a crime inside the apartment, and the jury gave the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Williams,* 221 AD2d 673; *People v Mann*, 216 AD2d 796, 798-799, *lv denied* 86 NY2d 797; *People v Estrada*, 173 AD2d 555, *lv denied* 78 NY2d 954). The sentence

imposed, a determinate term of incarceration of six years, is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, McCarthy, J.—Attempted Burglary, 2nd Degree.) Present—Green, J. P., Hayes, Kehoe and Lawton, JJ.