■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC MAINELLA, JR., Appellant. [769 NYS2d 802]—

Appeal from a judgment of Wyoming County Court (Dadd, J.), entered September 6, 2001, convicting defendant after a jury trial of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the photo array was unduly suggestive and that County Court therefore erred in denying his suppression motion. We reject that contention. The eyewitness described the suspect as wearing a black shirt, and five of the six photographs in the photo array depicted men wearing black shirts. The fact that only defendant wore a black T-shirt with a logo does not render the photo array unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]).

Defendant further contends that the verdict is repugnant because the jury found him guilty of burglary but acquitted him of larceny. We reject that contention (*see generally People v Tucker*, 55 NY2d 1, 6-8 [1981], *rearg denied* 55 NY2d 1039 [1982]). The crime of burglary requires only a knowing unlawful entry with intent to commit a crime therein (*see People v Mackey*, 49 NY2d 274, 278 [1980]), and such intent may be inferred from the circumstances of the entry (*see People v Williams*, 273 AD2d 815 [2000]). The evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.