■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WOODS, Appellant. [775 NYS2d 869]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered April 11, 2001, convicting him of attempted burglary in the second degree and attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by vacating the conviction of attempted robbery in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's claim that the evidence adduced at the trial was legally insufficient to support his conviction is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach that issue in the exercise of our interest of justice jurisdiction. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to the defendant's conviction of attempted burglary in the second degree was not against the weight of the evidence (*see* CPL 470.15 [5]). The evidence established that the defendant intended to commit a crime in the complainant's dwelling (*see People v Williams,* 221 AD2d 673 [1995]). The People were not required to establish the particular crime that the defendant intended to commit (*see People v Gaines,* 74 NY2d 358, 362 [1989]; *People v Mackey,* 49 NY2d 274, 279 [1980]).

However, the verdict of guilt with respect to the crime of attempted robbery in the third degree was against the weight of the credible evidence (*see* Penal Law §§ 110.00, 160.05; *People v Cooper,* 88 NY2d 1056 [1996]; *People v Noble,* 86 NY2d 814, 815 [1995]; *People v Parker,* 96 AD2d 1063 [1983]; *see also People v Gentile,* 127 AD2d 686 [1987]). The defendant was not observed rifling through any of the complainant's belongings. Nor was there any testimony that anything in the complainant's apartment had been disturbed. Further, there was no testimony that the defendant asked the complainant where she kept her purse, money, or valuables, or otherwise indicated in statements he made to law enforcement officials that he sought to take

anything from the complainant's dwelling before he fled. Thus, the defendant's conviction of attempted robbery in the third degree must be vacated and that count of the indictment dismissed.

The defendant's remaining contentions raised in his supplemental pro se brief either are unpreserved for appellate review or without merit. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.