■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON PEQUERO, Appellant. [877 NYS2d 230]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered February 1, 2007, as amended February 20, 2007, convicting defendant, after a jury trial, of conspiracy in the second degree, murder in the second degree (two counts), attempted murder in the second degree, burglary in the first degree, criminal possession of a weapon in the second degree (three counts), and criminal possession of a weapon in the third degree (three counts), and sentencing him to an aggregate term of 50 years to life, unanimously affirmed.

The burglary conviction was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence that defendant and two other drug dealers went to a building to resolve a "problem" over territory, and that defendant and one of his companions had firearms in their hands as they unlawfully entered the building, permitted the jury to find that defendant entered the building with at least the intent to commit a crime such as menacing therein (*see People v Lewis*, 5 NY3d 546, 552 [2005]; *People v Ortiz*, 173 AD2d 189 [1991], *lv denied* 78 NY2d 1129 [1991]).

The court properly denied defendant's request for a justification charge with respect to the murder committed on August 6, 2001, since there was no reasonable view of the evidence, when viewed most favorably to defendant, to support that defense (*see People v Watts*, 57 NY2d 299, 301-302 [1982]). In the first place, defendant was clearly the initial aggressor (*see* Penal Law § 35.15 [1] [b]). Moreover, although the victim was armed, "there was still no evidence that defendant believed he was in imminent danger of the deceased's use of deadly force, or that such belief was reasonable" (*People v Hubrecht*, 2 AD3d 289, 290 [2003], *lv denied* 2 NY3d 741 [2004]; *see also People v Jones*, 3 NY3d 491, 496 [2004]). Instead, the victim only revealed his own weapon when he complied with defendant's gunpoint command to remove his hands from his pockets. The victim then held his weapon at his side, as defendant paused long enough to announce to his companions that the victim had a handgun, and then commenced firing.

The record does not support defendant's speculative claim, raised for the first time on appeal, that two witnesses to whom he made inculpatory statements while in prison were acting as

agents of the prosecution, thereby violating his right to counsel (*see People v Kinchen*, 60 NY2d 772 [1983]; *see also People v Bent*, 160 AD2d 1176, 1177 [1990], *lv denied* 76 NY2d 937 [1990]). Since the existing record does not reveal a factual basis for such a claim, defendant's argument that his trial counsel rendered ineffective assistance by not raising this issue is unreviewable on direct appeal (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Concur—Saxe, J.P., Friedman, Sweeny, Renwick and Freedman, JJ.