■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK ARCHIE, Appellant. [896 NYS2d 153]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered December 14, 2006, convicting him of robbery in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacat-

ing the conviction of robbery in the first degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on that count.

The defendant contends that the evidence was legally insufficient to establish his guilt of robbery in the first degree, as the People failed to prove beyond a reasonable doubt that he intended to permanently withhold the property taken from the complainant. Likewise, he contends that the evidence was legally insufficient to establish his guilt of burglary in the second degree, as the People failed to prove beyond a reasonable doubt that he remained unlawfully in the complainant's home prior to the alleged commission of the robbery. Neither issue is preserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of both crimes. We further find that based on the weight of the credible evidence, the jury was justified in finding the defendant guilty of robbery in the first degree (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Romero, 7 NY3d 633, 643-644 [2006]). As to the crime of burglary in the second degree, the evidence established that the defendant remained in the subject apartment unlawfully with the intent to commit a crime therein (see People v Pequero, 60 AD3d 542, 543 [2009]; People v Woods, 6 AD3d 634, 635 [2004]). Accordingly, the conviction of burglary in the second degree is supported by the weight of the evidence (see Penal Law § 140.00 [5]; § 140.25 [2]; People v Mahboubian, 74 NY2d 174, 193 [1989]; People v Gaines, 74 NY2d 358, 363 [1989]; People v Mackey, 49 NY2d 274, 279 [1980]).

However, the Supreme Court committed reversible error in its instruction to the jury regarding when the offense of larceny, an element of robbery, is complete. Contrary to the People's contention, "although defense counsel's exception to the charge could have been expressed with greater precision" (People v Albanese, 88 AD2d 603 [1982]), the objection was sufficient to preserve the issue for appellate review.

The court instructed the jury that "[t]he offense of larceny is complete when there has been a taking or severance of the goods from possession, and even momentary possession of another's property is sufficient." In fact, the offense of larceny is not complete, even where there has been "a taking or severance of the goods from possession," unless there has been, at the same time, "an intent to permanently deprive" the owner of his or

her property (*People v Zambuto*, 93 AD2d 873 [1983]; *see People v Albanese*, 88 AD2d 603 [1982]). As given, the instruction "could have misled the jury into thinking that *any* withholding, permanent or temporary, constituted larceny" (*People v Blacknall*, 63 NY2d 912, 914 [1984] [internal quotation marks omitted]; *see People v Johnson*, 75 AD2d 585 [1980]). Increasing the likelihood of jury error regarding this issue, the court failed to define "intent," or to inform the jury at any point of "the distinction between an intent to permanently deprive and an intent to temporarily deprive" (*People v Zambuto*, 93 AD2d at 873; *see People v Albanese*, 88 AD2d 603 [1982]). The error cannot be deemed harmless, as the evidence that the defendant intended to permanently deprive the complainant Rowland of his property is less than overwhelming and, "[h]ad the jury been instructed more thoroughly on the meaning of intent, it is possible that the jury [might] have returned a different verdict finding that defendant . . . did not intend to permanently deprive" (*People v Albanese*, 88 AD2d at 603). Accordingly, the conviction of robbery in the first degree and the sentence imposed thereon must be vacated, and the matter remitted to the Supreme Court, Kings County, for retrial solely on that count.

The remainder of the defendant's contentions, raised in his pro se supplemental brief, are without merit. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.