■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OZAN WILLIAMS, Appellant. [54 NYS3d 863]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered October 17, 2013, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court's charge to the jury on the definition of robbery in the second degree was deficient, and furthermore, constructively amended the indictment. He also contends that some of the prosecutor's summation comments compounded the court's alleged error in instructing the jury. The defendant's contentions are unpreserved for appellate review (see CPL 470.05 [2]; People v Dordal, 55 NY2d 954, 956 [1982]; People v Udzinski, 146 AD2d 245, 259 [1989]). In any event, the defendant's contentions are without merit (see Penal Law § 155.00; People v Grega, 72 NY2d 489 [1988]; People v Santana, 172 AD2d 299 [1991]; cf. People v Zambuto, 93 AD2d 873 [1983]; People v Albanese, 88 AD2d 603 [1982]).

The defendant's claim of legal insufficiency is unpreserved for appellate review (see CPL 470.05 [2]; People v Hines, 97 NY2d 56 [2001]; People v Slavin, 299 AD2d 499 [2002], affd 1 NY3d 392 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that

the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's attorney provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.