People v Ataroua (2019 NY Slip Op 00197)





People v Ataroua


2019 NY Slip Op 00197


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Sweeny, J.P., Manzanet-Daniels, Gische, Tom, Moulton, JJ.


7802 3162/15

[*1]The People of the State of New York, Respondent,
v
Islam Ataroua, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.



Judgment, Supreme Court, Bronx County (William I. Mogulescu, J. at suppression hearing; John W. Carter, J. at jury trial and sentencing), rendered July 27, 2016, convicting defendant of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 18 years to life, unanimously reversed, on the law, the conviction vacated, and the matter remanded for a new trial.
In connection with the larceny element of attempted robbery, the offense underlying the felony murder charge, the court, upon defense counsel's request, should have instructed the jury on the definition of "deprive" (Penal Law § 155.00[3][a]; see People v Medina, 18 NY3d 98 [2011]). The failure to so charge the jury as requested constitutes reversible error, since such omission "could have misled the jury into thinking that any withholding, permanent or temporary, constituted larceny" (People v Blacknall, 63 NY2d 912, 914 [1984]). Indeed, "the concepts of deprive' and appropriate' . . . are essential to a definition of larcenous intent' and they connote a purpose . . . to exert permanent or virtually permanent use thereof'" (People v Medina, 18 NY3d at 105 quoting People v Jennings, 69 NY2d 103, 118 [1986]). It is the function of the jury to determine whether defendant intended to rob the victim and permanently keep the property taken from him. By failing to give the requested charge, the court usurped that function.
While there are some cases in which the court's omission of the definition of a term or terms may constitute harmless error, under the facts of this case, the error was not harmless (Medina, 18 NY3d at 105).
In view of the foregoing, we need not reach the other issues raised by defendant on this appeal, except that we find that defendant's suppression motion was properly denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK